UNITED STATES

v.

Private (E–2) Otis CORLEY, 250–92–8965, US Army, Company B, 2d Battalion 16th Infantry, Fort Riley, Kansas.

SPCM 10090.*

U. S. Army Court of Military Review.

29 July 1975.

Appellate counsel for the Accused: CPT Steven J. McAuliffe, JAGC; CPT Sammy S. Knight, JAGC; J. Francis Pohlhaus, Esquire; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. DeFiori, JAGC.

Appellate counsel for the United States: CPT Gary F. Thorne, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

Notwithstanding his pleas to the contrary, the appellant was convicted of an unauthorized absence of one day, larceny, and assault and battery in violation of Articles 86, 121 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 921 and 928.[1]  He was sentenced to be discharged from the service with a bad-conduct discharge, to forfeit one-half of his base pay per month for six months and to be confined at hard labor for six months excluding time spent in pretrial confinement.  The convening authority approved only so much of the sentence as provides for bad-conduct discharge, forfeitures of $163.00 per month for six months, and confinement at hard labor for four months and eleven days.[2]

Approximately three weeks before trial, the defense counsel submitted a written request to the trial counsel for production of 16 witnesses.  The request stated that the witnesses would be material to the guilt or innocence of the accused, but otherwise did not comply with paragraph 115a of the Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev. ed)).[3]  The prosecution produced nine of the witnesses at the trial, but disputed the necessity of calling the remaining witnesses because of the failure to comply with paragraph 115a.[4]  Apparently, the defense counsel had not talked to any of the requested witnesses at the time he submitted the request and had never talked with the absent witnesses.  At trial the defense counsel renewed his request for the missing witnesses.  The military judge denied the request on the ground that the defense had not

1. The appellant was originally charged with a robbery in violation of Article 122 of the Code. However, the judge instructed the court that because of a defect in draftsmanship, the specification only alleged "aggravated larceny" in violation of Article 121.  The court simply found the appellant guilty as charged without redesignating the charge.  We have made the necessary correction in our decretal paragraph.

2. The convening authority erred in the amount of confinement he approved.  As the appellant was in pretrial confinement for 59 days, the convening authority could legally approve no greater confinement than four months and one day.  This error has been taken into account in our reassessment of the sentence.

3. Paragraph 115a provides pertinently: "A request for the personal appearance of a witness will be submitted in writing, together with a statement, signed by the counsel requesting the witness, containing (1) a synopsis of the testimony that it is expected the witness will give, (2) full reasons which necessitate the personal appearance of the witness, and (3) any other matter showing that the expected testimony is necessary to the ends of justice."

4. The list submitted by the defense counsel consists of the grade and last name of 16 persons.  No social security account number, organization, location or other means of identification is indicated as to any of the witnesses.  The defense counsel, however, informed the trial counsel at the time that all of the witnesses were from the same company as the accused.

586

demonstrated the materiality of the expected testimony.

 Notwithstanding the failure of the defense counsel to comply with the provisions of paragraph 115a before trial, the action of the military judge in denying the defense request for the remaining witnesses must be evaluated on the basis of the matters presented to the judge at the Article 39(a) hearing, not just that contained in the written request. *See United States v. Jones*, 21 U.S.C.M.A. 215, 44 C.M.R. 269 (1972). An accused has the right to compel the attendance of a witness whose testimony is material and necessary. *See United States v. Sevaaetasi*, 48 C.M.R. 964 (ACMR 1974). During the hearing in this case, the defense counsel advised the military judge that a Private Cohan and a Private Persley would be expected to provide testimony of an alibi nature concerning the robbery charge and that Private Persley would testify concerning the assault charge to the effect that one of the persons involved in the altercation with the appellant threatened to obtain a knife and stab the appellant, thereby raising an issue of self-defense.

The statement of defense counsel relating to alibi was not corroborated or verified in any way. Accordingly, the defense counsel did not make a sufficient showing of materiality and necessity and the military judge did not err by refusing to order the production of the witnesses. With respect to the expected testimony of Private Persley concerning the assault charge, the defense counsel verified his conclusion of materiality by incorporating by reference a pretrial statement of the witness to the same effect. However, this testimony, as well as the testimony relating to alibi, was merely cumulative. Accordingly, the defense counsel did not establish that the testimony was necessary as required by paragraph 115a. Moreover, we are satisfied, after examining the record of trial that the expected testimony, because of its cumulative nature, would not have affected the outcome of the case.

The Court affirms the finding of guilty of the Specification of Additional Charge III as a violation of Article 121 of the Uniform Code of Military Justice. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for bad-conduct discharge, confinement at hard labor for four months and one day, and forfeiture of $100.00 pay per month for four months.

Senior Judge JONES and Judge VINET concur.