**UNITED STATES**

v.

Private First Class Thomas T. GREEN, III, 579–68–1853, U. S. Army, Company B, 50th Signal Battalion (Airborne Corps), Fort Bragg, North Carolina.

CM 431258.

U. S. Army Court of Military Review.

Sentence Adjudged 17 Dec. 1973.

Decided 2 April 1976.

Appellate Counsel for the Accused: CPT Donald R. Jensen, JAGC; LTC James Kucera, JAGC; COL Victor A. De Fiori, JAGC.

Appellate Counsel for the United States: CPT Nancy Battaglia, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was convicted in a contested case of two specifications of larceny and two specifications of housebreaking, in violation of Articles 121 and 130 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 930. The convening authority approved the adjudged sentence of dishonorable discharge, forfeiture of all pay and allowances and confinement at hard labor for six years.

The appellant contends that the failure of his trial defense counsel to contest the validity of a search and seizure deprived him of the effective assistance of counsel. Because of the nature of the assigned error, we permitted the appellant to file an authenticated transcript of the Article 32 investigation. *See United States v. Gaillard*, 49 C.M.R. 471 (A.C.M.R.1974). *Cf. United States v. Bethea*, 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973).

The following facts are based on testimony taken at the Article 32 investigation. Following the report of a housebreaking at the Fort Bragg post exchange, criminal investigators received information from an unnamed informant that the appellant had broken into the exchange and stolen a number of items, including watches. Another informant, Specialist Four Alvin Molden, advised the investigators that he had obtained a watch from the appellant and informed them that he had seen several items in the appellant's room in the barracks similar to the merchandise taken from the exchange. One of the criminal investigators prevailed upon Molden to go to the appellant's off-post residence to determine if any of the stolen property was there. The appellant had earlier borrowed Molden's automobile, and Molden had already intended to see the appellant about retrieving it. Molden went to appellant's house and inquired as to his automobile. While in the house he observed several items similar to those reported stolen from the exchange. The articles were in plain view in the appellant's room.

Based upon Molden's information, the criminal investigator obtained a search warrant from the local civilian authorities. A search was conducted by a civilian policeman, accompanied by the military criminal investigator, and property later identified as having been stolen from the exchange was seized. During this search, the criminal investigator noticed stereo equipment which matched the description of property which had been recently stolen from another soldier. On that basis, he obtained a second search warrant from the civilian authorities, returned to the appellant's off-post quarters and seized the stereo equipment.

The appellant relies on those cases which hold that the protections of the Fourth Amendment apply to searches by private persons who are operating as agents of the Government. *See United States v. McClelland*, 49 C.M.R. 557 (A.C.M.R.1974), *pet. denied*, 49 C.M.R. 889 (1975); *United States v. Fleener*, 43 C.M.R. 974 (A.F.C.M.R.1971), *affirmed* 21 U.S.C.M.A. 174, 44 C.M.R. 228 (1972). The Government, on the other hand, relies on those decisions which hold that under certain circumstances an informant may, by ingratiating himself with a suspect, law-

fully conduct what would otherwise be an illegal search. *See Hoffa v. United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). To the same effect, *see United States v. Turck,* 49 C.M.R. 49 (A.C.M.R.), *pet. denied,* 49 C.M.R. 889 (1974).

Because of the manner in which the search issue has been raised we cannot say that the search was clearly legal. Nor can we say that the search was clearly illegal. But this is not crucial. What we are called upon to decide in this case is not the legality of the search but the effectiveness of counsel.[1]

The test for adequacy of counsel in the military is not completely settled. Early cases announced the standard to be whether the representation was so ineffective as to "constitute a ridiculous and empty gesture." *United States v. Hunter,* 2 U.S.C.M.A. 37, 41, 6 C.M.R. 37, 41 (1952). In a later case, the Court of Military Appeals held that the "fact that counsel's effort rises about the level of the 'ridiculous' does not necessarily mean the accused was accorded such effective assistance as assured him a fair trial." *United States v. Broy,* 14 U.S.C.M.A. 419, 427, 34 C.M.R. 199, 207 (1964). More recently, in *United States v. Walker,* 21 U.S.C.M.A. 376, 45 C.M.R. 150 (1972), the Court found it unnecessary to resolve the differences between *Hunter* and *Broy* and held simply that an accused is entitled to the "assistance of an attorney of reasonable competence. . . ."

Essentially, the trial defense counsel defended on the basis that if the appellant was guilty of anything it was of receiving stolen property, not larceny and housebreaking. To be sure, he was not successful in this endeavor, but that is not the test. As the Court of Military Appeals noted in

*United States v. Walker, supra,* at 381, 45 C.M.R. at 155, "a defense counsel who elected to proceed on 'a theory and strategy' he believes will serve the 'best interest of the accused' should not be condemned because the course of action he chose did not produce favorable results for the accused."

■ We are convinced that under any standard the appellant was not denied the effective assistance of counsel. A reading of the record reveals that trial defense counsel was well prepared both at the Article 32 investigation and at the trial itself. Counsel cross-examined all of the government's witnesses and moved for a finding of not guilty at the conclusion of the government's case. The trial defense counsel called four witnesses, including the appellant himself, to testify on the merits. The appellant's immediate supervisor and his platoon leader also testified in extenuation and mitigation.

The appellant also contends that he was prejudiced by the failure of the military judge to grant a continuance to permit the appellant to obtain a witness. This contention is addressed to the charges involving the theft of the stereo equipment. Prosecution evidence established that the equipment was stolen sometime between 0700 hours and 1800 hours on the day in question. The appellant testified that on that day he was in the company of his fiancée from 1600 hours to 2000 hours. His fiancée testified to the same effect.

Upon resting his case, the trial defense counsel moved for a finding of not guilty of all charges and specifications. With reference to the charges affecting the stereo set, counsel contended that the evidence showed the appellant had an alibi. At this point the military judge observed that alibi had not been raised because the evidence indicated that the stereo could have been stolen

---

1. *See McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), in which the Supreme Court held in the context of a guilty plea that it is not a question of whether counsel's advice on the admissibility of evidence was right or wrong but whether the advice was "within the range of competence demanded of attorneys in criminal cases."

any time between 0700 and 1800 hours. The defense counsel then informed the judge that he was aware of another witness who would testify that the stereo was in the room at 1700 hours.[2] After it was determined that the witness had been released from active duty, the defense counsel moved for a continuance to take the necessary steps to obtain the witness. The military judge denied the motion as untimely.[3]

■ An accused has the right to compel the attendance of a witness whose testimony is material and necessary. Paragraph 115a, Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Sevaaetasi*, 48 C.M.R. 964 (A.C.M.R.1974). The trial defense counsel did not comply with the formal requirements of paragraph 115a of the *Manual* in requesting the witness.[4] Notwithstanding the absence of a formal request, the action of the military judge in denying the continuance must be evaluated on the basis of the information presented to him at the trial. *See United States v. Jones*, 21 U.S.C.M.A. 215, 44 C.M.R. 269 (1972); *United States v. Corley*, 1 M.J. 584 (A.C.M.R.1975).

■ The testimony of the requested witness was certainly material and necessary— it would narrow the time in which the stereo was stolen and permit the appellant to raise the defense of alibi. Accordingly, we must determine if the judge abused his discretion in denying the appellant the opportunity to obtain the witness based solely on the timeliness of the motion.[5] As the testimony of this witness was crucial to the asserted defense of alibi and as the testimo-

ny was in no way cumulative, the military judge in the interest of justice should have granted the motion for a continuance to permit the defense to obtain the missing witness. His failure to do so was an abuse of discretion. *Cf. United States v. Corley* and *United States v. Sevaaetasi*, both *supra*.

■ However, in view of the incredible story put forth by the appellant as to how he obtained the stolen merchandise, it is inconceivable that the military judge would have acquitted him had the missing witness testified. Accordingly, the judge's denial of the motion for a continuance was nonprejudicial.

■ The findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record, the Court affirms only so much of the sentence as provides for dishonorable discharge, forfeiture of all pay and allowances and confinement at hard labor for four years.

Senior Judge JONES concurs.

Judge FELDER concurs in the result.

2. A sworn statement to this effect was considered by the Article 32 investigating officer.

3. Appellate defense counsel do not contend that the trial defense counsel's failure to move more quickly constituted inadequate representation.

4. Counsel stated that he believed the Government would make the witness available as his name appeared on the first page of the charge sheet as a potential witness. This fact, however, does not excuse a failure to follow the

Manual provision. Moreover, the name of the witness was subsequently lined out, presumably because the trial counsel did not intend to call him.

5. Our reading of the record convinces us that in holding the request to be untimely, the judge referred to the fact that the motion was made after the defense had rested and not to the fact that the witness was not requested prior to trial in accordance with paragraph 115a of the Manual.