UNITED STATES, Appellee,

v.

Private First Class Orlando M. BRIGHT,
SSN 241–04–8118, United States
Army, Appellant.

CM 438492.

U. S. Army Court of Military Review.

25 June 1980.

Captain Terrence L. Lewis, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, and Major Charles A. Byler, JAGC.

Major Douglas P. Franklin, JAGC, argued the cause for the appellee. With him on the brief was Lieutenant Colonel R. R. Boller, JAGC.

Before MITCHELL, DRIBBEN and GARN, Appellate Military Judges.

OPINION OF THE COURT

DRIBBEN, Judge:

Appellant, contrary to his pleas, was convicted on 31 May 1979 by a general court-martial at Fort Carson, Colorado, of wrongful possession and transfer of phencycladine (PCP) on 5 January 1979; wrongful possession and sale of PCP on 17 January 1979; and wrongful possession and attempted sale of PCP on 18 January 1979. The offenses involving possession, transfer, and sale were charged as violations of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (1976). The attempted sale was charged as a violation of Article 80, UCMJ, 10 U.S.C. § 880 (1976). Appellant's approved sentence includes a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $75.00 pay per month for three months, and reduction to Private E–1.

Appellant contends that the military judge's denial of his request for a continuance to locate and interview a potential witness, Private First Class Tyrone Newkirk, was prejudicial error. *See* Article 46, UCMJ, 10 U.C.S. § 846 (1976); *see also* United States Constitution, Amendment VI.

I

Production of a witness requires some showing of materiality. *United States v. Jouan,* 3 M.J. 136 (C.M.A.1977); *United States v. Willis,* 3 M.J. 94 (C.M.A. 1977); *United States v. Carpenter,* 1 M.J. 384 (C.M.A.1976). The burden to establish

the materiality of Private Newkirk's possible testimony was on the defense. *United States v. Lucas,* 5 M.J. 167 (C.M.A.1978). "Materiality" for appellate review purposes has been defined by the Court of Military Appeals as evidence which would have a "reasonable likelihood" of affecting the judgment of the military judge or court members. *United States v. Hampton,* 7 M.J. 284, 285 (C.M.A.1979).

Private First Class Newkirk, according to the Government's evidence, and the information given to the military judge in support of appellant's request for a continuance is alleged to have been the actual seller of PCP on 17 January and to have been with appellant during the attempted sale of PCP on the evening of 18 January. The defense presented evidence to show that Newkirk was independently and singularly responsible in these incidents and involved in the offenses occurring on 5 January as well. We cannot unilaterally exclude the possibility that Newkirk would have testified regarding appellant's innocent possession of prohibited substances on 5 January or the latter's mere presence at the scene of the subsequent drug transactions. The Government implicated appellant as an aider and abettor of Newkirk. Newkirk, therefore, was the most appropriate witness as to whether he and appellant shared a common purpose in the offenses involved. Consequently, we conclude that Newkirk's possible testimony would have had a reasonable likelihood of affecting the decision of the military judge, thereby making him a material witness.

## II

The record indicates that appellant's trial defense counsel did not comply with paragraph 115a of the Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 Rev.)).[1] Although the trial defense counsel was remiss in failing to take this action, he may have been lulled into the belief that the Government would make Newkirk available as his name was listed on page 1 of the charge sheet as a witness for the prosecution. Notwithstanding the trial defense counsel's procedural failures or their cause, the action of the military judge in denying the request for a continuance must be evaluated on the basis of the information presented to him at trial. *See United States v. Jones,* 21 U.S.C.M.A. 215, 44 C.M.R. 269 (1972); *United States v. Green,* 2 M.J. 823 (A.C.M.R.1976); *United States v. Corley,* 1 M.J. 584 (A.C.M.R.1975). The record in this regard reflects that shortly after the charges were served on his client, the defense counsel contacted the trial counsel in order to locate and interview Newkirk, who had been transferred overseas. He was told that Newkirk was either in the process of returning to Fort Carson or that orders to return him were being processed. When the trial defense counsel subsequently learned that Newkirk had not returned, he submitted a written request for his appearance to the Government approximately one week before trial.[2] The Government, despite messages and telephone calls, could not tell the military judge where Private Newkirk was located or even whether or not he was absent without authority. We also have taken judicial notice of Private Newkirk's record of trial by special court-martial presently pending review by this Court. This record discloses that agents of the Government may have known New-

---

1. Paragraph 115a provides pertinently:

   A request for the personal appearance of a witness will be submitted in writing, together with a statement, signed by the counsel requesting the witness, containing (1) a synopsis of the testimony that it is expected the witness will give, (2) full reasons which necessitate the personal appearance of the witness, and (3) any other matter showing that the expected testimony is necessary to the ends of justice.

2. This request was not attached to the record as an appellate exhibit. Moreover, there is no evidence in the record that the request was directed to the convening authority or that the convening authority denied the request for Newkirk. The failure of counsel to comply with paragraph 115a, MCM 1969 (Rev.), causes us utmost concern. *See United States v. Green, supra,* and *United States v. Corley, supra.* The narrow path we tread in this instance should not be interpreted as *carte blanche* excusal of derelictions in procedural matters by either the Government or the defense.

kirk's whereabouts prior to appellant's trial and due to administrative incompetence were unable to return him to Fort Carson in time for appellant's court-martial. We also note that Newkirk actually arrived at Fort Carson on 6 June 1979. We are not prepared to ascribe improper motives to the prosecution in appellant's case. Neither are we prepared to hold appellant responsible for the Government's inability, for whatever reasons, to account for a soldier in the United States Army. This situation differs markedly from those instances where only the accused and his counsel would be expected to ascertain the whereabouts of witnesses they request. *See United States v. Davison*, 4 M.J. 702 (A.C.M.R.1977).

We believe that the military judge abused his discretion by failing to grant a continuance in this instance. Private First Class Newkirk was a potential witness whose testimony may have resulted in appellant's acquittal of some or all of the offenses of which he was convicted. The military judge's action precluded any possibility of this result. This error can be cured only by authorizing a rehearing.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge MITCHELL and Judge GARN concur.