UNITED STATES, Appellee,

v.

Augustus CARPENTER, Staff Sergeant,
U.S. Army, Appellant.

No. 30,461.

U. S. Court of Military Appeals.

April 9, 1976.

*Captain Robert D. Jones* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey* and *Lieutenant Colonel James Kucera.*

*Captain Richard A. Gallivan* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain Gary F. Thorne.*

OPINION OF THE COURT

COOK, Judge:

Contrary to his pleas, the accused was convicted by general court-martial at Fort Wadsworth, Brooklyn, New York, of numerous specifications alleging the presentment of false claims against the United States and the use of false documents to support such claims, in violation of Article 132, Uniform Code of Military Justice, 10 U.S.C. § 932.[1] We granted review to determine if the military judge erroneously denied a defense request for a witness.

---

1. The specifications alleging the use of false documents were treated as multiplicious with the specifications alleging the presentment of false claims for sentencing purposes.

The alleged offenses occurred between April 5, 1971, and December 20, 1971. Captain Albert Bolden, Jr., was the appellant's commanding officer during this period and had prepared a letter of recommendation for him. During an Article 39(a)[2] session conducted on February 20, 1973, the defense moved for a change of venue and called Captain Bolden as a witness in support of this motion.[3] At another Article 39(a) session conducted on February 27, 1973, the trial counsel questioned the defense counsel as to his desire for witnesses. At this point, the defense counsel indicated he desired Captain Bolden for the subsequent proceedings and indicated a deposition was unacceptable.

The defense renewed its request for Captain Bolden in a session conducted on March 21, 1973. During the arguments on the necessity for obtaining Captain Bolden, trial counsel noted a message had been sent to the Military Police School, Fort Gordon, Georgia,[4] requesting his presence, but he was informed Captain Bolden would not be made available. Replying to this comment, the defense counsel observed that Captain Bolden's presence had been requested in a letter dated March 12[5] and that he would be used as a character witness both on the merits and in sentencing if findings of guilty were returned. The judge denied the request, with the following remarks:

As to Captain Bolden, the Court of Military Appeals has stated rather simplistically that all military witnesses are available because they can just be ordered around almost willynilly. As simplistic as that approach has been, at least the court has kept in reserve the question of the matter of military necessity and based upon the representation of trial counsel, which I assume will be confirmed in writing by the commandant of the school, I think the question of military necessity in Captain Bolden's situation makes it clear. I'm not unaware of the fact that the

probability of the existence of this situation was raised at other sessions of the trial. So, I'm not going to interfere with Captain Bolden's continued attendance at the school nor am I going [to] delay the trial until that period of time expires. The question recurs as to whether a deposition might be taken. That opportunity was extended and declined. I suppose the parties might be able to work out some other way to get Captain Bolden's testimony before the court. We will proceed with the trial today and continue until all witnesses that are presently available have testified. I will recess the court at that time to await the arrival of Sergeant Lopresti, but I advise counsel that the most probable date that we will resume would be Thursday, the 29th.

Additionally, the trial judge rejected a defense request to depose Captain Bolden, and he declined to hold a weekend session to eliminate any conflict with Captain Bolden's schedule at Fort Gordon. The defense request was subsequently renewed, but again rejected by the judge. Thereupon, the defense stipulated to Captain Bolden's testimony in connection with the sentence.

■ The right of an accused to compel the attendance of witnesses in his behalf is well established in military law. Article 46, U.C.M.J. 10 U.S.C. § 846; *United States v. Manos,* 17 U.S.C.M.A. 10, 37 C.M.R. 274 (1967); *United States v. Sweeney,* 14 U.S.C. M.A. 599, 34 C.M.R. 379 (1964). This right is not absolute in that it involves consideration of relevancy and materiality of the expected testimony. *United States v. Iturralde-Aponte,* 1 M.J. 196 (1975); *United States v. Harvey,* 8 U.S.C.M.A. 538, 25 C.M.R. 42 (1957); *United States v. Thornton,* 8 U.S.C.M.A. 446, 24 C.M.R. 256 (1957); *United States v. DeAngelis,* 3 U.S.C.M.A. 298, 12 C.M.R. 54 (1953). However, once materiality has been shown the Government

---

2. Article 39(a), U.C.M.J., 10 U.S.C. § 839(a).

3. Captain Bolden had originally been listed as a Government witness.

4. Captain Bolden was apparently a student at the school during the period in question.

5. This letter was not introduced into evidence.

must either produce the witness or abate the proceedings. *United States v. Daniels*, 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974).[6]

██ The parties at trial did not question the materiality of Captain Bolden's testimony. Rather, an attempt was made to secure his presence, but it failed because the authorities at the Military Police School determined that he was unavailable. When the issue was presented to the military judge, he denied the defense request on the basis of "military necessity" and refused to continue the case. Although "military necessity" or various personal circumstances relating to a requested witness may be proper criteria to determine when his testimony can be presented, the sole factor for consideration in determining whether he will testify at all is the materiality of his testimony. *United States v. Iturralde-Aponte, supra.* Thus, the military judge erred in applying the wrong standard to accede to the determination made at the Military Police School.

The Government submits that, even if the military judge erred, the accused was not prejudiced because two defense character witnesses testified on the merits, and the parties stipulated to the testimony of Captain Bolden prior to sentencing.[7] We disagree.

██ Character evidence is relevant both to determination of guilt and adjudgment of an appropriate sentence. *United States v. Sears*, 20 U.S.C.M.A. 380, 43

C.M.R. 220 (1971); *United States v. Sweeney, supra;* paragraph 138f(2), Manual for Courts-Martial, United States, 1969 (Rev). Indeed, evidence of good soldierly character is highly regarded. *See United States v. Browning*, 1 U.S.C.M.A. 599, 5 C.M.R. 27 (1952). Furthermore, the opinion of a serviceman's commanding officer occupies a unique and favored position in military judicial proceedings. *See generally United States v. Rivera*, 20 U.S.C.M.A. 6, 42 C.M.R. 198 (1970). Compelled stipulation of testimony, as is the case here, is not an adequate substitute for the personal appearance of the witness. *United States v. Sweeney, supra.* Under the circumstances, we conclude the accused was prejudiced by the trial judge's error.[8] *See United States v. Iturralde-Aponte, supra.*

The decision of the United States Army Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the same, or other competent general court-martial authority. A rehearing may be ordered.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.

---

6. Captain Bolden was clearly within military control, and thus there was no issue as to whether the Government was able to produce him.

7. This stipulation reflects that Captain Bolden considered the appellant to be a noncommissioned officer of the highest competence and he would recommend the accused's retention in the service.

8. Some comment on the provisions of paragraph 115a, MCM, are appropriate. The paragraph requires the defense to submit his request for a defense witness to the trial counsel *for approval*. In case of disagreement, the issue is presented to the convening authority or the military judge, depending on the state of proceedings. To the extent that this paragraph requires the defense to submit its request to a partisan advocate for a determination, the requirement appears to be inconsistent with Article 46, U.C.M.J. 10, U.S.C. § 846. The Article gives both parties equal opportunity to obtain witnesses. Since the defense in the present case notified the trial counsel of his desire for a witness, we have found it unnecessary to discuss in the text of the opinion the failure to comply with the procedure prescribed by paragraph 115a. However, this case illustrates that various problems can arise because the military judge has not been specifically empowered by the Uniform Code of Military Justice to order the appearance of a witness at all stages of the proceedings. Until the situation is clarified, counsel should be alert to the problems.