UNITED STATES

v.

**Carlson Rodrigues PAO, 549 88 9406, Seaman Recruit (E–1), U. S. Navy.**

**NCM 76 1348.**

U. S. Navy Court of Military Review.

Sentence Adjudged 9 Jan. 1976.

Decided 25 Aug. 1976.

LT H. Glenn Scammel, JAGC, USNR, Appellate Defense Counsel; CAPT Charles P. Mackin, Jr., USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and MURRAY and GLASGOW, JJ.

MURRAY, Judge:

Tried to a general court-martial with members, the appellant was convicted, pursuant to his pleas, of the wrongful introduction and possession of 1027 (buddha) sticks of marijuana on board a naval vessel and sentenced to a bad conduct discharge, confinement at hard labor for four months, and forfeiture of $300 pay per month for four months.

Appellant assigns four errors for our consideration:

I

THE MILITARY JUDGE ERRONEOUSLY DENIED APPELLANT'S CHALLENGE OF A COURT MEMBER DISQUALIFIED BY PROSECUTORIAL DUTIES.

II

THE MILITARY JUDGE ERRONEOUSLY DENIED APPELLANT'S REQUEST FOR MILITARY WITNESSES WHO WERE CRUCIAL TO LITIGATION OF A PLEA IN BAR.

III

THE CONVENING AUTHORITY AND THE MILITARY JUDGE ERRONEOUSLY AND PREJUDICIALLY DECLINED TO COMPEL THE ATTENDANCE OF AN IMPORTANT CIVILIAN DEFENSE WITNESS AT TRIAL.

IV

TRIAL COUNSEL IMPROPERLY AND PREJUDICIALLY ARGUED BEFORE THE COURT MEMBERS FOR A SENTENCE BASED UPON GENERAL DETERRENCE OF OTHER NAVAL PERSONNEL.

While we have serious misgiving about the propriety of the denial of the two service witnesses requested to support appellant's motion in bar of trial based upon matters relevant to the Navy's Drug Exemption Program and the questionable development of evidence adverse to the appellant through information obtained as a result of the procedures outlined in that program, we need not detain ourselves on any other assignment of error since our determination with respect to assignment of error III, *supra,* is dispositive.

A written request was submitted by trial defense counsel to the convening authority in accordance with Paragraph 115a of the Manual for Courts-Martial, asking that appellant's older brother, Mr. Roland Pao, be summoned "as a witness in extenuation and mitigation, and as a character witness on the merits." The convening authority never responded to the demand, but according to trial counsel's representations to the court, the convening authority refused to approve the request. Appellant renewed the request at trial by a motion, prior to pleas, that process be issued for the attendance of Mr. Pao. The motion was denied by the trial judge.

At the time of appellant's requests for the attendance of the witness, no pleas had been entered. The witness was sought both for testimony on the merits of the case and in the presentencing phase of the trial. In particular, the witness was desired for character testimony on the merits of the case. Both the request and an accompanying letter from the prospective witness (App.Ex.

VII) set forth the specific factual predicate for the expected testimony. The witness, who had acted *in loco parentis* after the deaths of appellant's parents, was uniquely qualified to address the nature of appellant's character and personality.

Denial of process to compel the attendance of a defense character witness creates a risk of potential prejudice to the rights of an accused, for "the weight to be given to testimony upon an accused's character is based in large part upon the personal appearance and the manner of testifying of the witness." *United States v. Sweeney,* 14 U.S.C.M.A. 599, 604, 34 C.M.R. 379, 384 (1964). The importance of character testimony—and the prejudice resulting from its denial—were emphasized by the High Court in *United States v. Sears,* 20 U.S.C.M.A. 380, 43 C.M.R. 220 (1971), and most recently in *United States v. Carpenter,* 1 M.J. 384 (1976).

Appellant's pleas of guilty were entered after the military judge was advised of the convening authority's refusal to provide for attendance of the requested witness, and the judge in turn denied the renewed request. The government contends that this negates the requirement to produce the witness on the merits of the case, citing decisions of this Court in support, *United States v. Feeley,* 47 C.M.R. 581 (N.C.M.R. 1973) and *United States v. Ray,* No. 75 0936 (N.C.M.R. 27 February 1976).

In both *Feeley* and *Ray, supra,* the accused was convicted on provident pleas of guilty which were not induced or compelled by the government's refusal to subpoena requested defense witnesses *on the merits,* and thus no finding of prejudice arising out of such refusal was made. We do not find such a clear cut delineation in trial strategy and tactics in the instant case, however, and a fair reading of the record suggests that the appellant could well have been forced into avoidance of litigation of the merits of the case because of the denial of a material character witness.

Assuming a position most favorable to the government, however, and hypothesiz-ing that the material witness was necessary only with respect to presentencing matters, the denial of appellant's request nevertheless constitutes prejudicial error.

The Sixth Amendment is the source of the fundamental right to compel the attendance of witnesses, and this right is guaranteed to military defendants. *United States v. Daniels,* 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974); *United States v. Sears, supra; United States v. Sweeney, supra.* Even where the expected testimony concerns only matters in extenuation and mitigation, the accused's right to process may not be abridged with impunity. *United States v. Daley,* 47 C.M.R. 365 (A.C.M.R. 1973); *United States v. Manos,* 17 U.S.C. M.A. 10, 37 C.M.R. 274 (1967).

The prejudicial effect of a refusal to subpoena a parent for presentencing testimony has been acknowledged by this Court in *United States v. McElhinney,* N.C.M. 71 0256 (N.C.M.R. 17 May 1971), *aff'd,* 21 U.S.C.M.A. 436, 45 C.M.R. 210 (1972), and in *United States v. Woods,* 46 C.M.R. 503 (N.C.M.R. 1972). In the case at bar, the requested witness was appellant's surrogate father, uniquely qualified to discuss the somewhat enigmatic character of appellant. The refusal of the convening authority and the military judge to arrange the attendance of the requested witness, or provide for an alternate means of obtaining the testimony which would be acceptable to the parties, clearly prejudiced the sentencing proceedings, which were conducted before court members, where personal demeanor is crucial. In addition, the denial of the request when the witness was also desired for character testimony on the merits of the case in which a guilty plea was entered only after denial of the witness requires reversal of the findings under the precise circumstances of this case.

Accordingly, the findings and sentence are set aside and the record is returned to the convening authority. A rehearing may be ordered.

Judge GLASGOW concurs in the result.

**1012**

CEDARBURG, Chief Judge (dissenting):

I dissent. On 12 December 1975, trial defense counsel submitted a request for the attendance of appellant's half brother Roland Pao " . . . as a witness in extenuation and mitigation, and as a character witness on the merits." As justification he detailed the following:

Mr. Pao is the accused's half brother who, following the death of the accused's mother in 1965, became his guardian and provided a home to him until he joined the Navy in 1971. The accused's father had died in 1961. Mr. Pao will describe the hardships that the accused suffered following his father's death, when he and his eight brothers and sisters were shuffled from home to home, surviving on welfare, while his mother slowly died of cancer. Following that traumatic event, the accused, with one brother, and two sisters, went to California, where they lived with their stepbrother, Mr. Pao.

Mr. Pao will describe the struggles of the family, the contributions of the accused, the part-time jobs and activities, his reputation in the community, and his pride in enlisting in the Navy. He will also tell how his pride and happiness with Navy life continued until December 1974, when there was a dramatic change. He will explain the role the Navy had in the development of the accused's character, his present feelings and ambitions, and the nature of support his family is offering and will continue to offer during and after the trial.

No formal answer was made to the request. On 7 January 1976 at an Article 39(a), 10 U.S.C. § 839(a) session prior to entry of pleas, the request was renewed by motion to compel the attendance of Mr. Pao. Trial counsel stated regarding the original request to the convening authority, "I would, however, make the—uh—I have been directed by the convening authority, although I realize Military Judge could consider this himself, to make a representation that would be the con—it would be the position of the convening authority to deny such a request." There should have been a prompt formal response to trial defense counsel's request. There was not but it appears that denial at the direction of the convening authority was communicated at the Article 39(a) session on 7 January 1976. At that session, the thrust of the original request was repeated by defense counsel; that is that "[t]he witness in this case would primarily be a witness in extenuation and mitigation. He could also be called as a character witness on the merits."

Appellant had negotiated a pretrial agreement with the convening authority to plead guilty to the offenses, in question. The agreement was executed on 31 December 1975, apparently before a formal response to his request for attendance of Mr. Pao.

■ I consider that the propriety of the denial of appellant's witness request extends only to the sentencing aspect in this case. I conclude that the record establishes that appellant was convicted on his provident guilty pleas and it does not appear that the pleas were induced or compelled by the government's refusal to subpoena Mr. Pao to testify on the merits. However, appellant was entitled to compulsory attendance of the requested witness to testify in extenuation and mitigation. *United States v. Manos,* 17 U.S.C.M.A. 10, 37 C.M.R. 274 (1967). Mr. Pao's expected testimony was material and was to be presented before court members where personal demeanor of the witness would be significant. No acceptable alternative means of providing his testimony was agreed upon by the parties. For that reason, I would set aside the sentence and authorize a rehearing on the sentence, while affirming the findings.