UNITED STATES, Appellee,

v.

Daniel JOUAN, Private, U.S. Army, Appellant.

No. 31,747.

CM 433458.

U. S. Court of Military Appeals.

May 31, 1977.

*Colonel Alton H. Harvey, Captain John C. Carr,* and *Captain Derryl W. Peden* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain Lee D. Schinasi, Captain William A. Poore,* and *Captain John F. DePue* were on the pleadings for Appellee, United States.

PER CURIAM:

Prior to trial where the appellant was found guilty of assault with a means likely to produce grievous bodily harm,[1] defense counsel submitted a written request for three witnesses on the merits, including specialist Four Talbott and Private First Class Larry Crooks, both of whom had testified at the Article 32[2] hearing. Following the investigation, it had been noted in the officer's report that there would be absent only a single prospective witness, one Sergeant Bell, who was expected to testify for the prosecution. However, when defense counsel submitted a written request for witnesses prior to trial on March 27, 1975, it was discovered that Talbott had been transferred from Korea on March 20.[3] Speaking through the trial counsel, the convening authority denied the pretrial request for Talbott and offered to stipulate to his expected testimony.

Later, during trial before military judge sitting alone, the request for the production

---

1. Appellant was also convicted of drawing a weapon against a superior commissioned officer and assault of a noncommissioned officer in execution of his duties, in violation of Articles 90 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890 and 928, respectively.

2. Article 32, UCMJ, 10 U.S.C. § 832.

3. In contrast, subsequent events show that prosecution witness Bell was held over his scheduled rotation date to later be made available as a government witness.

of this witness was renewed twice. Defense counsel averred that although the testimony of Talbott was expected to be similar to that of Crooks, the former was the more credible witness.[4] Shortly before the accused's testimony, defense counsel renewed his request for Talbott a last time and, upon denial, entered into an agreement of stipulated testimony.

Proof of the finding of guilt turned on the relative credibility of the witnesses produced at trial. The victim of the alleged assault testified that while in the noncommissioned officers' club the appellant laid a razor close to the victim's neck while threatening to cut his throat. A subsequent prosecution witness testified that he observed appellant near the alleged victim but was unable to overhear any conversation. The defense witness Crooks testified that he observed the accused near the victim and that he overheard accused say, "This is not for you or anybody else in here, but this is for me." Accused, in his own defense, asserted that he had said, "Do you see this? This is for me." Talbott's stipulated testimony was that "the accused then went over to Sergeant First Class Capp and pulled out a straight razor, saying to him 'Do you see this, this isn't for you or anybody else, it's for me.' At no time while I was present did I ever see the accused put the razor to SFC Capp's neck."

 In light of our holding in *United States v. Carpenter,* 1 M.J. 384 (1976), we view the failure to produce Specialist Four Talbott as an abuse of the military judge's discretion. Compulsory production of witnesses by an accused person established by Article 46 of the Code[5] is a right measured by the relevancy and materiality of expected testimony.[6] "However, once materiality has been shown the Government must either produce the witness or abate the proceedings." *United States v. Carpenter, supra* at 385; *United States v. Daniels,* 23 U.S.C.M.A. 94, 96, 48 C.M.R. 655, 657 (1974).

Properly examined, the testimony of Specialist Four Talbott is material to the determination of whether the victim was under a reasonable apprehension that force would at once be applied to him. Under the rule in *Carpenter,* we do not seek to open the floodgate to limitless requests for witnesses, each side seeking to augment its case by numerical superiority, and such is not the case here. Evaluating the request for Talbott in this instance, it appears that the request was neither unreasonable nor untimely in this contested question of guilt as to Charge III. Both the credibility and demeanor of a particular witness may play a potentially vital role at trial. *See United States v. Sweeney,* 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964). As a material witness, the Government was under the obligation to produce Talbott and failure to do so constituted prejudicial error.

The findings under Charge III are set aside and the decision of the United States Army Court of Military Review is reversed as to that charge. The record of trial is returned to the Judge Advocate General of the Army for submission to the same or

---

4. Trial defense counsel in his Article 38(c) brief points to the comparative testimony of the two witnesses at the Article 32 investigation and asserts that while Crooks was drinking on the evening of the alleged aggravated assault, Talbott was not; that Crook's service record reveals a prior special court-martial conviction while Talbott's does not; and that counsel considered Talbott's articulation and credibility superior. The defense counsel, anticipating denial of Talbott, manifested understandable reluctance to impeach Crook's reliability and trustworthiness before the military judge, here the finder of fact.

5. Article 46, UCMJ, 10 U.S.C. § 846. *United States v. Manos,* 17 U.S.C.M.A. 10, 37 C.M.R. 274 (1967); *United States v. Sweeney,* 14 U.S. C.M.A. 599, 34 C.M.R. 379 (1964).

6. *United States v. Iturralde-Aponte,* 1 M.J. 196 (1975); *United States v. Harvey,* 8 U.S.C. M.A. 538, 25 C.M.R. 42 (1957); *United States v. Thornton,* 8 U.S.C.M.A. 446, 24 C.M.R. 256 (1957); *United States v. DeAngelis,* 3 U.S.C.M.A. 298, 12 C.M.R. 54 (1953).

another competent general court-martial authority. A rehearing may be ordered.

COOK, Judge (concurring in result):

I concur in the result. See my dissent in *United States v. Willis,* No. 32,496, 3 M.J. 94 (C.M.A.1977).