**UNITED STATES, Appellee,**

v.

**Specialist Four (E–4) Ostell (NMI) JOHN-SON, SSN 460–90–8128, United States Army, Appellant.**

CM 435229.

U. S. Army Court of Military Review.

2 June 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Major Benjamin A. Sims, JAGC, and Captain Richard A. Pearson, JAGC, were on the pleadings for appellant.

Captain William C. Kirk, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

OPINION OF THE COURT

COOK, Senior Judge:

Appellant pled not guilty to, but was found guilty of, larceny, wrongful possession of mandrax, possession of marijuana and sale of marijuana.

Two laboratory reports were the sole evidence admitted at trial that the items alleged to be mandrax and marijuana were in fact those contraband drugs. In the process of resisting the admission of those reports, the trial defense counsel requested of the trial judge that the laboratory analyst be summoned as a witness for examination on the accuracy of his work.[1] The trial judge denied the request on the basis that it wasn't made in a timely fashion.

The United States Court of Military Appeals recently reaffirmed in *United States v. Willis*, 3 M.J. 94, 96 (C.M.A. 1977):

---

1. The dissenting judge appears to concur in the trial judge's ruling on the same grounds the United States Court of Military Appeals did in *United States v. Miller*, 23 U.S.C.M.A. 247, 49 C.M.R. 380 (1974), viz, that the trial defense counsel's objection went only to the admissibility of the lab report as a business entry and was not in fact a request that the lab technician be called for examination on his procedures and competence. I do not believe we have that factual predicate in this case. My reading of the colloquy at trial in this case (accurately reproduced in the dissent) satisfies me that, although the trial defense counsel attacked the report on several grounds, he made it clear that one reason he desired to examine the technician was to probe the accuracy of his methods. This is clearly a legitimate, recognized basis for requesting the personal attendance at trial of the preparer of a lab report. *See United States v. Evans*, 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972) and *United States v. Miller, supra*.

"[O]nce materiality has been shown the Government must either produce the witness or abate the proceedings."[2]

Because we can conceive of no more material witness to an accused in a drug case than the technician who scientifically established that the material in question was in fact a prohibited drug, we find that the judge erred prejudicially in denying appellant's request.

Even assuming, without deciding, that the untimeliness of a request for a material witness can any longer be a valid basis on which to premise a denial,[3] we find that such a peremptory decision was not appropriate in this case. Trial was held in Heidelberg, Germany, and the laboratory at which the requested technician worked is in Frankfurt, Germany. Travel between the two towns involves a trip of no more than two hours by car. Surely the Government can allow the accused and his counsel that much time to attempt to dispute the authenticity of a crucial element in the prosecution's case.

However, this error only affects the findings involving the drug offenses and is not related in any way to the verdict as it pertains to the larceny. Because we find the larceny conviction to be free of error, we will sustain it and reassess the sentence.

The findings of guilty of Charge II and its specification and of the Additional Charge I and its specifications, are set aside and the charges are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for eight months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Judge DRIBBEN concurs.

DeFORD, Judge, dissenting:

I cannot agree with the majority's conclusion that the appellant made a showing of materiality with regard to an in-court motion to require the Government to produce the laboratory technicians that examined the drug substances seized from the appellant.

The operative facts under which this allegation of error is reviewed are as follows:

The appellant pled not guilty but was found to be guilty of larceny, wrongful possession of mandrax, possession of marijuana and sale of marijuana.

Prior to the trial, trial defense counsel advised the Government that the appellant would make no stipulations concerning any matters in the case and was in turn advised that the Government would seek to introduce the laboratory reports which indicated that mandrax and hashish seized from the appellant were in fact the substances indicated. Trial defense counsel further advised the Government that he would object to the admission of the laboratory reports as he believed that they were prepared with a view to prosecution and he stated he wanted to see if the Government could produce all the witnesses. The defense did not request the presence of the laboratory technicians during the pretrial processing of the case or at any Article 39, 10 U.S.C. § 839 sessions held by the court.

During the trial the trial defense counsel objected to the admission into evidence of the laboratory examination reports concerning the hashish and mandrax seized from the appellant (R. 91). In support of the defense motion the trial defense counsel stated as a basis for his objection that the reports were hearsay and prepared with a

---

2. *United States v. Carpenter*, 1 M.J. 384, 385 (1976).

3. Such an approach to resolving the conflicting interests inherent in the trial defense counsel's request would appear to be a resurrection of the recently eviscerated weighing-of-the-equities test. *See United States v. Willis, supra*, particularly Judge Cook's dissent. *But see United States v. Jouan*, 3 M.J. 136, 137 (C.M.A. 1977). *Also see United States v. Kelson*, 3 M.J. 139 (C.M.A. 1977), Fletcher, Chief Judge, concurring in the result.

view to prosecution. Then the following colloquy took place between the trial defense counsel and the trial judge:

"DC: . . . The defense would exercise its right set forth at 49 CMR 380, in the *Miller* case, which states, 'As a business entry is admissible without the in-person testimony of the declarant, the accused can assert his right to cross-examination by calling the declarant as a witness and examining him on the statement as if under cross-examination.' We do not have either one of the proponents of these two lab reports in court today. The defense also asserts a violation of its Sixth Amendment right to cross-examination, and objects to the documents on that basis as well.

MJ: Your objections are overruled on all grounds except the last, concerning which I will ask you if you gave the Government notice that you wanted to cross-examine the individuals who prepared these reports.

DC: Yes, Your Honor, I did in this fashion. I gave the Government notice that I would not stipulate to any documents.

MJ: Your objection is overruled. They will be received.

TC: May we have a brief recess at this time?

MJ: Very well.

(The court recessed at 1425 hours, 27 May 1976.)

(The court opened at 1440 hours, 27 May 1976.)

MJ: The court will come to order.

TC: Let the record reflect that all parties present when the court recessed are again present in court.

DC: I would like to add something to the last motion. I would like to add that I did notify the Government in this fashion. I informed the Government that I would not stipulate to anything, and the Government asked me why. I said that I did not think the accused is willing to and, in addition, I wanted to see if they could get all of the guys here. I said, You may not be able to get all of the guys here. The Government informed me that they would try to introduce the lab reports as business entries, and I said, 'You know that I am going to object to that, and I think they are prepared with a view to prosecution,' or words to that effect, etc., etc.

In addition, the defense now makes a specific request for the lab examiners for the purpose of cross-examination.

MJ: Mr. Prosecutor?

TC: Basically correct, Your Honor, but nothing that was said was interpreted as a request that certain people be brought here.

MJ: Captain Wells, what do you expect to be able to establish by cross-examination of the laboratory technicians?

DC: Your Honor, it has been my experience in this jurisdiction that occasionally a number of drugs which are alleged to be certain drugs field test one way and test in the lab the other way. Cocaine is a striking example, or has been historically. I think it is quite possible that one of these drugs tests out to be something other than the drug claimed on the sheet. In addition, Your Honor, I would like some assurance that the lab examiner did not mess up and put one CID report number on another report, and switch numbers or switch evidence by accident or anything of that nature. If he was here in person, then we could, of course, establish that in his report he is describing the same items which were sent by people who have testified in court today.

MJ: I believe that your request for the witnesses is out of time, Captain Wells, and I am going to adhere to my previous ruling overruling your objection, and I am going to deny your objection. I am going to deny your motion."

Under the Sixth Amendment to the Constitution, one accused of a crime is guaranteed the right to compel the attendance of

witnesses.[1] Who these witnesses shall be is a matter for the accused and his counsel.[2]

However, the right to compel the attendance of witnesses is not an absolute or unqualified right in that it makes considerations of relevancy and materiality.[3]

Each request must be considered on an ad hoc basis. Once materiality is shown, the Government must produce the witness or abate the proceedings.[4]

The foregoing rules are all applicable to *timely* requests for defense witnesses pursuant to provisions of the Manual.[5]

In *Sweeney, supra* the Court noted that paragraph 115, and Article 46 of the Code conform to Rule 17(b) of the Federal Rules of Criminal Procedure and that the right vested in a defendant was not absolute. The Court stated that wide discretion is vested in a district court judge in the matter of subpoenaing witnesses under Rule 17(b). The Court cited with authority an excerpt from *Greenwell v. United States*[6] wherein that Court found error in the denial of a request for a witness and, without reversing the decision of the lower Court, remanded for a determination of whether the error was harmless or prejudicial stating:

"Thus if the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous." (*Greenwell v. United States*, at page 110).

Keeping these general rules in mind we must next consider their application when considered in light of the admissibility of crime lab reports as the business entry exception to the hearsay rule. In *United States v. Evans,*[7] it was established that a "crime laboratory" is a place in which scientific methods and principles are applied in the testing and analysis of various items in connection with the detection and prosecution of crimes, the recording of the results of its analysis and the making of its reports to those concerned and actions taken in the regular course of the laboratory's business; hence, the report is within the business exception to the hearsay rule. However, the accused still has a qualified right[8] to challenge the report's accuracy by summoning the analyst and attacking the regularity of the testing procedures or the competency of the tester, these factors affect the weight and not the admissibility of the evidence.[9]

Here the trial defense counsel's objections were clearly aimed at precluding the laboratory reports admission into evidence on the basis that they were prepared with a view to prosecution. The Government had established the foundation for the report's admission and the trial judge properly admitted them in evidence.

The posture of the evidence in the case at the time the trial defense counsel made his

---

1. *United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964).

2. *Id. See also* Article 46, Uniform Code of Military Justice.

3. *United States v. Iturralde-Aponte*, 1 M.J. 196 (1975); *United States v. Daniels*, 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974).

4. *United States v. Willis*, 3 M.J. 94 (C.M.A. 1977); *United States v. Carpenter*, 1 M.J. 384 (C.M.A.1976).

5. Paragraphs 48*d* and 115, Manual for Courts-Martial, United States, 1969 (Revised edition).

6. 115 U.S.App.D.C. 44, 317 F.2d 108 (1963) (petition for rehearing en banc denied).

7. *United States v. Evans*, 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972); *see also United States v. Miller*, 23 U.S.C.M.A. 247, 49 C.M.R. 380 (1974).

8. Right to summon witnesses at Government expense is subject to a showing of materiality. *See* footnote 5 *supra*, and Rule 17(b), Federal Rules of Criminal Procedure.

9. *Evans, supra* at 582, 45 C.M.R. at 356.

request for the production of the chemists was that the trial defense counsel had sought to force the Government to prove every element of the prosecution's case through the vehicle of live witnesses. His avowed statements indicate he had hoped the Government would "stumble" on their own evidence. This trial tactic is not unknown in the defense of criminal cases but seldom productive.

In addition, the trial defense counsel had showed that the three bags containing hashish could have been subject to opening and resealing without notice.[10]

Following the Government resting its case, the defense offered nothing further concerning the issue other than a stipulation that nothing was found during a search of appellant's person and automobile.

I view the defense counsel's attempt to stop the trial and summon the lab chemists to testify without making any showing of materiality as a mere pretext for a fishing expedition. He had no demonstrated material basis to substantiate his request for the witnesses. The trial defense counsel was well aware of the Government tactics with regard to the lab reports. He could have filed a request for the witness in question with a supporting statement to show his materiality had he had one.

Procedures for the acquisition of witnesses are prescribed to insure that Government funds are not unnecessarily wasted and to insure that the appellant receives the witnesses necessary for his defense. Discovery is not appropriate during the trial phase of the proceedings nor can it be a substitute for proper pretrial investigation.

Accordingly, I view the appellant's request for the laboratory chemists under these circumstances as frivolous and am of the opinion that the trial judge did not abuse his discretion in denying the appellant's request.[11]

**UNITED STATES, Appellee,**

---

10. The defense offered no evidence to indicate that the hashish may have been adulterated or otherwise changed prior to receipt by the laboratory but merely that the plastic bags containing the evidence could have been opened. On the other hand, the Government's evidence on this issue was that the evidence received from the laboratory was essentially in the same form as when it had been forwarded. The trial judge was only required to be convinced beyond a reasonable doubt that there was a reasonable probability that the evidence had not been changed in any important respect. *United*

*States v. Martinez*, 43 C.M.R. 434, 437 (A.C.M.R.1970). The appellant concedes in his brief that tampering had not occurred in the chain of custody prior to forwarding the evidence to the crime laboratory. I perceive the foregoing as a poor substitute for a convincing offer of proof of evidence of adulteration, substitution, or other change in form.

11. *See Bandy v. United States*, 296 F.2d 882 (C.A. 8th Cir.1961), cert. denied 369 U.S. 831, 82 S.Ct. 849, 7 L.Ed.2d 796.