**UNITED STATES, Appellee,**

v.

**Specialist Five Leonard HUMPHREY, SSN 212–46–2354, United States Army, Appellant.**

**CM 435051.**

U. S. Army Court of Military Review.

27 Sept. 1977.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Ronald M. Riggs, JAGC, and Captain William A. Finch, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, Captain Lee D. Schinasi, JAGC, and Captain Gregory B. English, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

COOK, Senior Judge:

Appellant was tried and convicted of four specifications of larceny of government property, four specifications of presenting a false claim, and two specifications of conspiracy to commit larceny of government property, in violation of Articles 121, 132, and 81, respectively, of the Uniform Code of Military Justice, (UCMJ) (10 U.S.C. §§ 921, 932, and 881).

Among other assignments of error, appellant alleges that he was prejudiced by the military judge's denial of his request for the personal attendance of a relevant and material character witness. We agree.

I

Appellant's trial occurred on 7, 23, 26 and 28 April 1976. On Thursday, 22 April, appellant's trial defense counsel submitted a written request to the convening authority for the presence of three character witnesses. That same day, upon the advice of the trial counsel and the staff judge advocate, the convening authority denied the request.

At a brief Article 39(a) session held on 23 April, the defense requested that the military judge make the three witnesses available. Initially, the military judge determined that the expected testimony of the requested witnesses was different than the expected testimony of character witnesses who were then present at the situs of trial and readily available. The military judge then asked the defense counsel why the request for witnesses was submitted so late and the latter responded that the defense did not consider the request to be untimely. The military judge, indicating that he considered the request to be untimely, nevertheless ordered the Government to attempt to produce the three witnesses. He stated that "the government is required to do no more than make a reasonable effort to insure that those witnesses are here on the day of the trial, and we will not delay the trial. If they can reasonably be obtained in that time, fine; if not, because of your late request, that's too bad."

The trial then proceeded, with the Government resting its case on Monday, 26 April. At an out-of-court hearing held on the morning of the 28th, prior to presenting the defense, appellant's trial defense counsel renewed his motion for the presence of one of the three requested witnesses, the only one who had not yet been produced by the Government. Upon inquiry of the trial counsel, the judge learned that the witness was *en route* from his unit in Europe and was expected momentarily, but no one knew his present whereabouts. The military judge denied the motion. The witness did not appear.

II

We must decide this case according to the recent pronouncements of the United States Court of Military Appeals in the area of the production of defense-requested witnesses. *United States v. Carpenter*, 24 U.S. C.M.A. 210, 51 C.M.R. 507, 1 M.J. 384 (1976), established the rule that "once materiality has been shown, the government must either produce the witness or abate the proceedings." *United States v. Willis*, 3 M.J. 94 (C.M.A.1977), reaffirmed that rule. There are, however, certain limitations. In *United States v. Jouan*, 3 M.J. 136 (C.M.A. 1977), the United States Court of Military

Appeals stated that the *Carpenter* rule did not "seek to open the floodgate to limitless requests for witnesses . . . ." And, in *United States v. Williams,* 3 M.J. 239 (C.M. A.1977), an exception to the rule was made out, if "the testimony of [the requested] witness would be merely cumulative."

## III

■ The absent witness in the instant case had been appellant's company commander from approximately six months prior until six months after the occurrence of the alleged offenses. Although the trial defense counsel never specifically stated, either in his written request for the witness or orally during the trial sessions, that he had personally spoken with the witness and knew that his testimony would be favorable, we find from the defense exhibits admitted at trial, which were either prepared or endorsed by the company commander, that his testimony would have been very beneficial to appellant.

■ Appellant did not testify on the merits, but rather he relied upon his unblemished prior record and untarnished reputation as testified to by others to defend him against these criminal charges. Character evidence, of course, is relevant to both the determination of guilt and the adjudication of sentence (*United States v. Carpenter, supra,* 24 U.S.C.M.A. at 212, 51 C.M.R. at 509, 1 M.J. at 386 (1976)) and in the instant case the trial defense counsel indicated that the requested witness would be called to testify on both subjects. Recognizing the importance of character evidence and the unique and favored position which a service member's commander occupies in military judicial proceedings [*Id.*], we find that the witness was relevant and material to the instant proceedings.

## IV

The Government argues that the witness, even if material, was merely cumulative. While the absent witness' testimony might well have repeated some of the testimony of the other witnesses, "there sometimes is an important impact to be expected from some repetitive testimony." *United States v. Williams, supra,* 3 M.J. at 243, footnote 8. Particularly is this true where the witness is superior in rank to those whose testimony he iterates. It is also noteworthy, although not determinative, that the military judge apparently did not consider the testimony to be cumulative, as he ordered the Government to produce the witness. In any event, even if the witness' testimony was cumulative, it was the prerogative of the defense to determine which of the cumulative witnesses would be called. *See United States v. Williams, supra* at 243, footnote 9.

## V

Regarding the timeliness of the initial request for the witnesses, it is true that the request could have been made well before it was. Despite the lateness of the request, however, the Government did locate the witness and arranged for his presence at trial. At the time of the ultimate denial of the request by the military judge, the witness was reportedly on his way to the trial site and was expected at any time. Rather than denying the request at that time, a more prudent course of action for the judge would have been to grant a short continuance until the witness arrived. Under the circumstances of this case, the denial of the material witness may not be bottomed upon the untimeliness of the request.

## VI

The factual context of this case is not dissimilar to that described in *United States v. Carpenter, supra,* and, as in that case ". . . we conclude that the accused was prejudiced by the trial judge's error."

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge DRIBBEN and Judge DeFORD concur.