UNITED STATES, Appellee,

v.

Specialist Five (E–5) Edward R. STEWART, SSN 442–52–2319, United States Army, Appellant.

CM 434999.

U. S. Army Court of Military Review.

30 Sept. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Larry D. Anderson, JAGC, and Captain John M. Zoscak, Jr., JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, and Captain Richard A. Kirby, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

COOK, Senior Judge:

By our opinion of 14 December 1976 we returned this case for authentication by the trial judge in conformity with the mandate of the United States Court of Military Appeals in *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976). The case is once again before this Court for review.

On 22 June 1976 appellant pleaded guilty and was found guilty at a bench trial for a single act of indecent assault, alleged as a violation of Article 134, Uniform Code of Military Justice (10 U.S.C. § 934).

The single remaining substantial issue concerns the trial judge's denial of a defense requested witness.

Prior to trial and again at trial, the defense counsel requested the personal appearance of Captain Norman L. Davis, Jr., both for testimony on the merits and as to an appropriate sentence. The trial was held in Okinawa and the requested witness was stationed in the United States. The trial judge denied counsel's appeal.

■ The question of the appropriateness of the judge's decision as it pertains to the absent witness' testimony on the merits was mooted by the appellant's guilty plea. *See United States v. Dusenberry*, 22 U.S.C.M.A. 287, 49 C.M.R. 536 (1975).

■ The judge's ruling on counsel's request for Captain Davis' live testimony during the presentencing proceedings was, however, erroneous. Although the basis for the denial is unclear, the decisional law requiring the witness' presence is unambiguous. That military accused are entitled to compulsory process for witnesses on the question of sentencing is well established.[1]

The unrebutted evidence of record establishes that Captain Davis was prepared to testify as to appellant's good character, his church work and to certain family conditions or circumstances which might have been responsible for appellant's aberrant behavior. It cannot be gainsaid that such testimony is relevant and material as mitigating evidence. Government counsel, however, would have us hold, nevertheless, that because Captain Davis' testimony was cumulative it was correctly excluded. *United States v. Williams*, 3 M.J. 239 (C.M.A.1977), is cited to support that contention.

A reading of that case makes it clear that it is not for application in the present situation. The discussion in *Williams* was concerned with how to reconcile the rule in *United States v. Carpenter*,[2] that once materiality has been shown the witness must

---

1. *United States v. Willis*, 3 M.J. 94 (C.M.A. 1977); *United States v. Carpenter*, 24 U.S.C. M.A. 210, 51 C.M.R. 507, 1 M.J. 384 (1976); *United States v. Manos*, 17 U.S.C.M.A. 10, 37 C.M.R. 274 (1967); *United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964); *United States v. Ewing*, 44 C.M.R. 738 (N.C.M.R. 1971); *United States v. Turner*, 40 C.M.R. 366 (A.B.R.1968).

2. 24 U.S.C.M.A. 210, 51 C.M.R. 507, 1 M.J. 384 (1976).

be produced or the proceedings abated, with the practical fact that, by a literal application of that rule, "the defense could . . make a given prosecution 'so burdensome as to be practically intolerable or even impossible.' "[3] Obviously, this potentially intolerable burden only arises in situations where the defense has requested a number of live witnesses. In those circumstances, according to the *Williams* decision, the trial judge may test for cumulativeness, rule as to "how many of these witnesses will be permitted to testify pursuant to government-paid process,"[4] and leave the option to the defense to select which witnesses it wants from among those considered to be cumulative.

A reading of the record in the case *sub judice* makes it clear that the testimony of the single live witness requested by the defense counsel could not have been considered as cumulative testimony when compared with the evidence presented by any of the other live witnesses. The evidence to be presented by Captain Davis would have been cumulative only when compared with written statements, authored by absent witnesses, submitted by the defense. The exception to the *Carpenter* rule concerning limitations as to cumulative witnesses was not intended to permit the exclusion of live testimony because it was repetitive of written evidence. Such a conclusion would be contrary to the oft repeated admonition that "[a]n accused cannot be forced to present the testimony of a material witness on his behalf by way of stipulation or deposition. On the contrary, he is entitled to have the witness testify directly from the witness stand in the courtroom." *United States v. Thornton*, 8 U.S.C.M.A. 446, 449, 24 C.M.R. 256, 259 (1957).[5]

Consequently, we hold that the trial judge erred in denying trial defense counsel's request for Captain Davis' appearance as a witness. We must, however, test this error for prejudice. During the presentencing proceedings the appellant's commander, a major, testified favorably as to appellant's duty performance and as to his continued faith and trust in him. A psychiatrist was called to testify that appellant suffered from pedophilia which was treatable. Thereafter, the written statements of 18 witnesses were admitted into evidence. These witnesses included officers, NCO's, fellow enlisted men, appellant's wife, civilian clergy, which collectively presented a glowing picture of appellant's conduct on and off duty, with special emphasis on appellant's deep religious affiliation. All requested minimal punishment. Other documents describing appellant's cooperation and contriteness during the investigation, as well as a medical report revealing that appellant's assault had had a minimal traumatic impact on the victim, were admitted. Documents from appellant's official records relating to decorations and letter of appreciation were also admitted. In all some 34 written exhibits were presented for the trial judge's consideration prior to sentencing. While the crime to which appellant judicially confessed carried a maximum sentence of a dishonorable discharge, seven years confinement, and the usual accessory punishments, the judge imposed only a dishonorable discharge, confinement for nine months, forfeiture of $100.00 per month for a like period and reduction to the grade of E–1. Appreciating as we do the additional impact live testimony can make, compared to the impression conveyed by a cold, impersonal manuscript, we nevertheless conclude that, under the circumstances of this case, the erroneous denial of the requested witness did not prejudice the appellant.

Consequently, the findings of guilty and the sentence are affirmed.

Judge DRIBBEN and Judge DeFORD concur.

---

3. *United States v. Williams, supra,* at 242.

4. *Id.* at 243, n. 9.

5. *Also see United States v. Willis, supra; United States v. Carpenter, supra; United States v. Davis,* 19 U.S.C.M.A. 217, 41 C.M.R. 217 (1970); *United States v. Staton,* 48 C.M.R. 250 (A.C.M.R.1974).