UNITED STATES, Appellee,

v.

Private E1 John W. SARGENT, SSN 366–76–1971, United States Army, Appellant.

CM 439169.

U. S. Army Court of Military Review.

25 July 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Courtney B. Wheeler, JAGC, were on the pleadings for the appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Brian X. Bush, JAGC, and Captain Glenn D. Gillett, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of a 63–day unauthorized absence, larceny (two specifications)[1], and possession of marihuana in violation of Articles 86, 121, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, and 934. He was sentenced to a dishonorable discharge, confinement at hard labor for 18 months, and forfeiture of all pay and allowances. The convening authority approved the sentence.

Prior to trial the appellant requested the convening authority to make available four witnesses to testify in his behalf in extenuation and mitigation. The convening authority declined to obtain three of the witnesses who by then had been reassigned to the United States, labelling their testimony as cumulative to the testimony of the fourth witness who was still serving in Korea and available to testify.

Subsequently at an Article 39(a) UCMJ, 10 U.S.C. § 839(a) session, the trial defense counsel did not renew his request for the four witnesses but instead demanded an immediate trial. He stated that because the accused had been in pretrial confinement for so long (68 days) and because the Government had been so slow in getting the case to trial (more than four months)[2] it was more important to proceed to trial that day. He further stated that the defense was "even able to proceed today without requesting these witnesses . . . ."

The Government in turn requested a continuance to await the arrival of two necessary prosecution witnesses who had been requested from the United States, where they had recently been reassigned. The witnesses had not been sought earlier because of a mix up on whether the case was going to be a guilty plea.

The military judge in a contradictory action ruled in favor of both the prosecution and the defense. He granted appellant's request for immediate trial and the prosecution's request for a continuance. His language:

I fully recognize the defense's and the accused's right to an immediate trial, and as such it is granted. I hereby set this matter, giving both sides due consideration, to proceed to trial at nine o'clock on Thursday, the 20th of this month, three days from now. This may or may not mean that certain of the charges may or may not have to be dismissed or otherwise not prosecuted.

The military judge then asked the defense counsel as to the status of his witness request. The defense counsel responded that it would be impossible to obtain the witnesses from the United States in three days and as the defense "prefer[red] to proceed to trial on Thursday, [he would] not raise that motion at [that] time." He further emphasized that "if . . . the Government asks for a continuance again, we want the Government to be on notice, yes, we probably will be asking for our witnesses . . . ."

As a result of an informal notification to the judge from the trial counsel that the prosecution witnesses would not arrive until Thursday night, the military judge granted a further continuance of one day (until Friday).[3] When the court reconvened on Fri-

1. The appellant stole two expensive guitars (over $500.00 each) from fellow soldiers in the barracks. The thefts occurred a week apart.

2. The Government's processing of this case is not a model to be followed but it does not amount to a violation of appellant's right to a speedy trial under either Article 10, UCMJ, 10 U.S.C. § 810, or the Sixth Amendment.

3. The continuance was apparently handled *ex parte*; the defense counsel was not involved, other than to be notified after the fact. The record does not indicate whether the trial counsel actually requested the continuance.

day, the defense counsel was ready with a battery of motions. In an obvious reference to the military judge's ruling at the previous Article 39(a) session, the defense counsel first asked that charges be dismissed because the appellant was not given the speedy trial to which the military judge had stated he was entitled. When that motion was denied, he then asked that the prosecution be limited to presenting the witnesses who were available to testify the day before. When that, too, was denied, defense counsel asked for a continuance so that the court could obtain the witnesses he had requested.

The prosecution countered the witness request by arguing that it was not timely, that it should have been made at the earlier Article 39(a) session. The military judge denied the request, directing that stipulations of expected testimony of the witnesses be used.

■ We reject the judge's conclusion that the appellant did not make a timely request. Defense counsel and the military judge discussed the request at the first Article 39(a) session and counsel made it clear that he would not renew the request if he could have his trial that day. He further recognized that he could not get the witnesses within the 3–day continuance granted the prosecution and again opted for a speedy trial rather than additional delay. Whether this was a case of gamesmanship on the part of defense counsel we do not know, but his actions were not unreasonable. He had to draw the line somewhere or continue to be nibbled away with delays. He drew the line during that first Article 39(a) session at the 3–day continuance. When that deadline passed, his renewed request became timely.

■ Turning to the merits of appellant's request, we find that the witnesses would testify as to appellant's duty performance and potential for further service, considerations that are material to the question of sentence. *United States v. Tangpuz,* 5 M.J. 426 (C.M.A.1978); *United States v. Willis,* 3

M.J. 94 (C.M.A.1977). The one witness who was made available was the least effective of the four originally requested. He was the lowest in rank and knew the appellant the shortest period of time. At the very least, the officer who had been appellant's battery commander and platoon leader for a year should have been called. *United States v. Carpenter,* 1 M.J. 384, 386 (C.M.A. 1976). We do not believe the compelled stipulations were an adequate substitute for the appearance of appellant's battery commander. *United States v. Willis, supra; United States v. Carpenter, supra.* Accordingly, we find that the military judge abused his discretion in denying appellant's request for witnesses.

■ Appellant asks that we set aside the sentence and authorize a rehearing on sentence. That is, of course, one alternative, but before we determine the remedy we must determine whether appellant was prejudiced. Assuming this to be an error of constitutional dimension[4], "no specific evidence of prejudice need be found . . ." *United States v. Moore,* 1 M.J. 390 (C.M.A. 1976). Before we can hold such an error "harmless under Article 59(a), . . . [we] must be able to declare a belief that it was harmless beyond a reasonable doubt." *United States v. Ward,* 1 M.J. 176 (C.M.A. 1976); *United States v. Albrecht,* 4 M.J. 573 (A.C.M.R.1977). The Government has the burden of proof in meeting that standard. *United States v. Ward, supra,* note 10 at 180.

Indicating an absence of prejudice are defense counsel's statement at the initial Article 39(a) session that he was able to go to trial earlier without the witnesses, the admission of stipulations of expected testimony of the three witnesses in words of defense's choosing, and the absence of any likelihood that appellant's sentence would have been less for offenses as serious as these even with the witnesses present at trial.

■ Under these circumstances, we are convinced that the failure to call the wit-

---

4. *See United States v. Willis,* 3 M.J. 94, n.1 (C.M.A.1977).

nesses was harmless beyond a reasonable doubt. *United States v. Tangpuz, supra; United States v. Lucas,* 5 M.J. 167 (C.M.A. 1978).

The findings of guilty and the sentence are affirmed.

Judge GARN and Judge LEWIS concur.