UNITED STATES, Appellee,

v.

Windell K. LOFTON, Sergeant,
U.S. Army, Appellant.

No. 97–0243.
Crim.App. No. 9402086.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 3, 1998.

Decided Aug. 13, 1998.

For Appellant: *Captain Thomas J. Barrett* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters,* and *Major Leslie A. Nepper* (on brief).

For Appellee: *Captain Arthur J. Coulter* (argued); *Colonel Joseph E. Ross, Lieutenant Colonel Frederic L. Borch, III, Captain Chris A. Wendelbo,* and *Captain Thomas N. Auble* (on brief); *Major Virginia G. Beakes.*

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of willful disobedience of a superior officer's command, rape, adultery, indecent assault, attempted indecent assault, committing indecent acts (3 specifications), taking indecent liberties, and wrongfully providing alcoholic beverages to minors (3 specifications), in violation of Articles 90, 120, 80, and 134, Uniform Code of Military Justice, 10 USC §§ 890, 920, 880, and 934, respectively. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 78 months, total forfeitures, and reduction to the lowest enlisted grade. In an unpublished opinion, the Court of Criminal Appeals set aside and dismissed one specification of committing an

indecent act and all the specifications of providing alcoholic beverages to minors. That court affirmed the remaining findings of guilty, reduced the period of confinement to 65 months, and affirmed the sentence as reassessed.

This Court granted review of the following issue: *

WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR BY UNREASONABLY AND UNILATERALLY DENYING APPELLANT ANY OPPORTUNITY TO PRESENT EVIDENCE FROM A MATERIAL DEFENSE WITNESS ON THE MERITS.

For the reasons set out below, we resolve this issue adversely to appellant.

*Facts*

The granted issue pertains only to specifications 4, 6, and 7 of Charge III, alleging an indecent assault, an indecent act, and indecent liberties. The victims of those offenses were two teenaged girls, TAW and KMG. Five days before trial, the defense requested that RJC, a teenaged boy residing in the United States, be brought to Germany to testify concerning TAW's and KMG's bias against appellant. The written request recites that RJC is a former boyfriend of TAW and KMG; that RJC was returned to the United States after running away from home and hiding in TAW's family quarters; and that the alleged victims hid RJC from his father. The request further recites that appellant assisted RJC's father in searching for his son; that the alleged victims were aware of appellant's assistance; and that they "resented his intervention."

At trial, defense counsel orally proffered evidence that RJC ran away from home three times: in November of 1993 and in January and February of 1994. He further proffered evidence that RJC had a sexual relationship with TAW and KMG, in order "to show the depth of the relationship which would help to show bias." The military judge denied the defense request to compel

the appearance of RJC on the ground that it was untimely, that the proffered evidence was irrelevant, that some of it was inadmissible under Mil.R.Evid. 412, Manual for Courts–Martial, United States (1995 ed.), and "that it would be a waste of the court's time to hear the witness if he were here standing outside the courtroom."

When KMG was cross-examined by defense counsel on the merits, she testified that RJC ran away from home; that he hid in the attic of the building where KMG and her friend JS lived; that she and her friend tried to convince RJC to return home; and that they turned him in to the military police when he would not return voluntarily. JS testified that she and KMG were upset because RJC brought some weapons he had stolen from his father to their house, and that they decided to turn him in.

*Discussion*

Appellant now contends that the military judge violated his rights to equal and compulsory process and to present evidence of bias. The Government argues that the military judge did not abuse his discretion.

Upon a proper showing of relevance and necessity, an accused is entitled to the production of witnesses. Art. 46, UCMJ, 10 USC § 846; RCM 703(b) and (c)(2), Manual, *supra; see United States v. Breeding,* 44 MJ 345, 350 (1996) ("A party is entitled to production of witnesses whose testimony 'would be relevant and necessary' to a matter in issue."); *United States v. Williams,* 3 MJ 239, 242 (CMA 1977) ("necessary" witnesses must be produced); *United States v. Carpenter,* 1 MJ 384, 385–86 (CMA 1976) (if witness is "material," Government must either produce witness or abate proceedings); *see also* para. 137, Manual for Courts–Martial, United States, 1969 (Revised edition) (" 'material evidence' has the same meaning as 'relevant evidence' ").

Testimony is "necessary" within the meaning of RCM 703(b)(1) "when it is not cumula-

---

* We also granted review of the issue whether adultery is a lesser-included offense of rape.

This issue was resolved against appellant in *United States v. Hill,* 48 MJ 352 (1997).

tive and when it would contribute to a party's presentation of the case in some positive way on a matter in issue." RCM 703(b)(1) Discussion; *see United States v. Tangpuz,* 5 MJ 426, 429 (CMA 1978) (no right to cumulative evidence). Generally, evidence of "other sexual behavior" by a victim of a sexual offense is not admissible. Mil.R.Evid. 412.

■ Rulings denying requests for production of witnesses are reviewed for abuse of discretion. *United States v. Reveles,* 41 MJ 388, 393–94 (1995). We hold that the military judge did not abuse his discretion. We agree with the military judge that some of the proffered evidence would be barred by Mil.R.Evid. 412. Furthermore, on its face, the evidence was not necessary because TAW and KMG were available to testify on the same issue. Curiously, defense counsel did not cross-examine TAW or KMG about the possibility of bias based on appellant's assistance to RJC's father. Neither did defense counsel make any proffer of testimony by RJC that would have demonstrated TAW's or KMG's bias against appellant.

■ Finally, assuming *arguendo* that the military judge should have ordered the production of RJC as a witness on the issue of bias, any error was harmless because, at trial, TAW and KMG did not support defense counsel's theory of bias. To the contrary, they testified that they were upset with RJC for running away; that they tried to talk him into returning; and that when they were unsuccessful, they turned him in to the military police. There simply was no factual basis for asserting that the girls were biased against appellant for attempting to return RJC to his father's custody, because they had turned RJC in to the police when they were unsuccessful in persuading him to return home.

### Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD and EFFRON concur.

SULLIVAN, Judge (concurring in the result):

The military judge refused the defense request to order the production of a 15–year–old boy, RJC, then in the United States, for a court-martial in Germany. He said, *inter alia:*

> I'm just not going to order the Government to pay for it.
>
> It's a very big problem when we ask witnesses to jump through hoops at the last minute. It's a very big problem for the people that have to do the paperwork to get the witness here; for the people that have to arrange the travel arrangements; it's a very big problem for everybody. It's for those reasons among others to make sure that the court efficiently uses its time and processes cases in an orderly manner, that we have rules that require such witnesses be requested in a timely manner.
>
> IDC: May I respond, Your Honor?
>
> MJ: I'm not quite finished. Both the Manual for Courts–Martial and the local Rules of Court require certain notice, and I don't think either one was complied with in this case. And, for those reasons alone, I ought to be able to deny the request outright. *Beyond those reasons, however, I find that the defense cause or showing of relevance is inadequate. I find that the proffer is, in a collateral matter, irrelevant to this court-martial;* that it even delves into 412 areas that wouldn't be admissible anyway; and that it would be a waste of the court's time to hear the witness if he were here standing outside the courtroom. For all of these reasons, the request is denied.

(Emphasis added.)

I think the military judge committed legal error when he ruled that the requested testimony of RJC was not relevant. *See* Mil. R.Evid. 401, Manual for Courts–Martial, United States (1995 ed.). Clearly, testimony that three alleged victims in a child sexual abuse case had a motive for testifying against an accused or were actually biased against him was relevant and favorable defense evidence. *See generally Davis v. Alaska,* 415

U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). However, production at government expense requires compliance with production-request rules and a showing of necessity. *See Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); *United States v. Valenzuela–Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982); *see also Michigan v. Lucas,* 500 U.S. 145, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991).

In my view, the defense failed to show the testimony of RJC was necessary to a fair determination of his guilt. The three girl victims were available for cross-examination on their relationship to RJC and its impact on their testimony against appellant in terms of a motive or bias to testify falsely against him. Moreover, the record indicates that the father of RJC was a soldier stationed at the trial site who could provide testimony concerning his son, his son's runaway problems, appellant's efforts to assist him, and the reaction of the alleged victims to this help. In view of the existence of alternative testimony and the proffer's failure to show why this alternative testimony was not adequate, I would affirm this case. *See United States v. Reveles,* 41 MJ 388 (1995); *United States v. Tangpuz,* 5 MJ 426 (CMA 1978).