UNITED STATES, Appellee,

v.

Private (E-1) Gerald R. ONSTAD, SSN 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, United States Army, Appellant.

CM 435460.

U. S. Army Court of Military Review.

21 Nov. 1977.

**662**

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Larry D. Anderson, JAGC, and Captain John M. Zoscak, Jr., JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, and Captain Richard A. Kirby, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of possessing 5.5 kilograms of marihuana (hashish) and of attempting to sell marihuana in violation of Articles 134 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 880. The convening authority disapproved the findings of the possession charge and approved the findings of the attempted sale offense. The appellant raises several errors during mandatory review pursuant to Article 66, UCMJ.

I

The appellant contends that he was charged with an attempted sale of marihuana in violation of the Controlled Substances Act [1], a statute of local application, and thus not in force in Germany where the offense occurred. We do not agree that he was so charged. From the language of the specification, the pretrial advice, the discussions at trial, and the instructions of the military judge, it is clear that appellant was charged with an attempt to commit an offense which if completed would have been chargeable under the first and second clauses of the general article. The reference in the specification to marihuana being a controlled substance did not transform the offense to one under the crimes and offenses not capital provision of Article 134, UCMJ. Such reference was surplusage and unnecessary. Cf. *United States v. Harvey*, 19 U.S.C.M.A. 539, 42 C.M.R. 141 (1970); *United States v. Long*, 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952).

---

1. 21 U.S.C. § 801, *et seq.*

## II

■ The appellant argued at trial and reasserts before this Court that he was denied his right to a speedy trial. The total period of time elapsing from preferral of charges to imposition of sentence was sixty-six days. Of those, appellant was in pretrial confinement for fifty-nine.

The appellant bases his contention on the second facet of *Burton*,[2] in that the Government failed to respond to his demands for trial and failed to proceed immediately or show good cause for delay. He made three demands for trial. The first was made on the day the Article 32 investigation commenced, the second was made a month later, after charges were referred to trial, and the third was made two weeks after that.

Contrary to appellant's assertion that his demands for trial were never answered, the record of trial establishes that the prosecutor responded to the third request on the same day that it was received, and an Article 39(a), UCMJ, session was held the next day. According to the requirement of *Burton*, the Government should have responded to the first two demands also. However, the lack of a written response was both understandable and excusable. The first demand for immediate trial was made the day after defense counsel entered the case. It was also the day the Article 32 investigation commenced. It is highly unlikely that counsel was ready for an immediate trial for he commented that he had had only 45 minutes to talk with his client prior to the commencement of the investigation. The investigatory proceedings themselves were ample response to appellant's demand. Nothing would have been added by a written reply. Similarly, no additional information or benefit would have occurred to appellant from a written response to the second demand. Counsel were waiting on the military judge to docket the case for hearing at that time.

In our opinion the Government showed commendable dispatch in handling this case. We find no violation of the *Burton* speedy trial rule.[3]

## III

■ The final alleged error warranting discussion concerns appellant's request for the presence of a witness and the military judge's denial of that request. The witness was a former serviceman, a government informant, who acted as an intermediary in introducing appellant and an undercover criminal investigator who was a purported buyer. The witness was present and gave sworn testimony at the Article 32 investigation. He had also made a sworn statement earlier.

The trial defense counsel in making his request stated that the witness, Private Doran Collins, had told a defense investigator that he (Collins) had lied at the Article 32 investigation. The defense asserted that Collins' testimony would now be favorable to the appellant's case. We agree that if the witness would testify as indicated, he would be material and necessary.

The prosecutor opposed appellant's request for the witness, pointing out that there was no evidence presented to support the allegation that the witness was necessary and material. The military judge told the defense that he should be prepared to present evidence to support his allegation that Private Collins had changed his testimony. The military judge thereupon recessed the court. When the session resumed, the trial defense counsel continued his argument. He did not call his unnamed investigator before whom the witness allegedly changed his testimony, or offer a statement from the investigator on the issue, or offer any other proof in support of his contention. Trial defense counsel had not spoken with the witness personally af-

2. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

3. The appellant maintains he was prejudiced through the discharge and departure of a wit-

ness prior to trial. Any prejudice in that regard, and we believe there was none, however, was wholly of the appellant's own making. See our discussion of the witness request, *infra*.

**664**

ter the Article 32 investigation. His failure to offer some evidence of the basis for his request was fatal.

Additionally, the appellant's request for the witness was not timely. The trial counsel advised the military judge that during the course of the Article 32 investigation, the deputy staff judge advocate by letter had informed appellant's defense counsel that Private Doran Collins was being returned to the United States for discharge pursuant to Chapter 10, AR 635–200; and that if appellant desired Private Collins be retained to appear as a witness, he should make the necessary request pursuant to paragraph 115, Manual for Courts-Martial, United States, 1969 (Revised edition), by a certain date. Defense counsel did not do so. Two days after the deadline for requesting the witness, the investigator for the defense spoke with Private Collins. At that time Private Collins is alleged to have indicated that his testimony at the Article 32 investigation was deliberately misleading; and that the changed version of the facts would be favorable to the defense.

Although trial defense counsel knew Private Collins was returning to the United States for discharge and believed he had testimony favorable to the defense, he made no effort to seek his retention in the command. It was more than a month later before he requested his presence as a witness. When questioned about the delay, trial defense counsel told the military judge that he had orally responded to the deputy staff judge advocate on the suspense date to the effect that he considered the government's letter nothing more than a bluff; that his failure to request the witness at that time would not amount to a waiver of appearance; and that he would decide on calling the witness if and when the case was referred to trial.

The military judge denied the request to produce the witness as there was no showing that the witness was material and necessary. He still offered the defense the opportunity to make such a showing, however. The defense never did. We hold that the military judge was correct in refusing

to direct Private Collins be made available as a witness for the defense. *United States v. Jouan*, 3 M.J. 136 (CMA 1977); *United States v. Carpenter*, 24 U.S.C.M.A. 210, 51 C.M.R. 507, 1 M.J. 384 (1976).

The findings of guilty are affirmed. On consideration of the entire record only so much of the sentence is affirmed as provides for bad-conduct discharge, forfeiture of $240.00 pay per month for nine months, confinement at hard labor for nine months, and reduction to the grade of Private E–1.

Judge MITCHELL and Judge DeFORD concur.