## UNITED STATES

v.

**Kevin R. SCOTT, 428 08 1763, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 77 0735.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 Dec. 1976.

15 Sept. 1977.

**1112**

LT Lawrence W. Muschamp, JAGC, USNR, Appellate Defense Counsel.

CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before DUNBAR, BAUM and GREGORY, JJ.

GREGORY, Judge:

Pursuant to his pleas, appellant was convicted of attempted escape from lawful custody, unauthorized absence for a period of 4 days, and escape from correctional custody, in violation of Articles 80, 86, and 134, respectively, of the Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, 934. He was sentenced by the court members to a bad conduct discharge, confinement at hard labor for 4 months, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged; however, the supervisory authority suspended the bad conduct discharge on probation for a period of 12 months.

Appellant has assigned the following errors before this Court:

I. THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED IN

FAILING TO REQUIRE THE PRODUCTION BY THE GOVERNMENT OF A WITNESS MATERIAL TO THE ACCUSED'S CASE IN EXTENUATION AND MITIGATION.

II. THE MILITARY JUDGE ERRED IN FINDING THE GUILTY PLEAS OF THE ACCUSED TO THE CHARGES OF ESCAPE FROM CONFINEMENT AND UNAUTHORIZED ABSENCE PROVIDENT IN LIGHT OF INCONSISTENT FACTS AVERRED INDICATING A LEGAL DEFENSE TO CHARGES II AND III EXISTED.

We find merit in appellant's initial assignment of error, necessitating corrective action with respect to the sentence. No merit is found, however, in appellant's second assignment of error. We will briefly discuss both assignments.

I

Appellant contends that the military judge erred in denying the defense motion for the presence of his wife, arguing that her testimony would have been material to the defense case in extenuation and mitigation. Appellant's wife is a citizen of the Philippines and was residing there at the time of trial. The theory of the defense case in extenuation and mitigation was that appellant did not want to be rotated back to the United States from his duty station in Okinawa until the necessary arrangements had been completed to allow his wife to leave the Philippines and join him in the United States, and, for this reason, he committed the current offenses to preclude his transfer. The military judge was advised that the testimony of appellant's wife would "corroborate that of the accused and will tend to explain the circumstances of the alleged offenses and to show the motives and state of mind of the accused." [Appellate Exhibit I].

It is well-established that a military accused has the right to compel the presence of material and necessary witnesses, both on the merits and in extenuation and mitigation. *United States v. Carpenter*, 1 M.J. 384 (1976); *United States v. Manos*, 17 U.S.C.M.A. 10, 37 C.M.R. 274 (1967). It is now also clear that the concept of materiality is not susceptible to gradation, that is, the witness is either material or not. There is no such thing as a witness who is not material enough to be present. *United States v. Willis*, 3 M.J. 94 (C.M.A.1977). Consequently, if the testimony of a given witness is material, the live presence of that witness must be furnished or the proceedings abated unless, in the sound discretion of the trial judge, the testimony of that witness would be merely cumulative to the testimony of other defense witnesses. *United States v. Williams*, 3 M.J. 239 (C.M.A.1977).

The military judge in this case denied the requested witness, indicating her testimony would merely be cumulative of the testimony that could be given by appellant himself and the available documentary evidence. *See* Military Judge's special findings of 17 January 1977. It is true that appellant did testify in the presentencing portion of his trial along the same general lines that the testimony of his wife would have taken. In addition, the First Sergeant of appellant's company also testified concerning his knowledge of appellant's efforts to have his marriage recognized by the Marine Corps and his own efforts to assist appellant in providing the necessary documentation.

In our view, the testimony of appellant's wife would clearly be material to the question of an appropriate sentence for appellant. Despite the fact that her testimony would to some extent be repetitive of that of other witnesses, it could also have added a further perspective on appellant's motivation because of the effect appellant's impending transfer was having on his wife. In *United States v. Williams, supra*, Judge Perry observes:

We pause to note that a trial judge, in ruling whether the testimony of a given witness would be "merely cumulative," must necessarily in his sound discretion decide whether, under the circumstances of a given case, there is anything to be

gained from an additional witness saying the same thing other witnesses have said. Certainly, for instance, the fact that three people saw or heard the same thing and would render virtually identical testimony may be significantly more persuasive to a jury than if only one person were so situated. In other words, there sometimes is an important impact to be expected from some repetitive testimony. The key is determining where and when to draw the line so as to assure an accused all the process he is due for a full and fair trial, while at the same time assuring that the system is not abused by frivolous requests. See *United States v. Romano*, 482 F.2d 1183, 1195 (5th Cir. 1973). [3 M.J. at 243, n. 8].

*See also United States v. Jouan*, 3 M.J. 136 (C.M.A.1977).

█ We believe there was definite value in the testimony of appellant's wife that could not be obtained from the testimony of appellant and his First Sergeant. Under the unusual circumstances of this case, we are unable to concur that the military judge's finding that this testimony would be "merely cumulative" was a proper exercise of his discretion. We believe appellant has been prejudiced as to the sentence in his case, and we will take action to cure the error by reassessment of the sentence. *See United States v. Manos, supra*, at 16, 37 C.M.R. at 280.

## II

█ Appellant also contends on appeal that the military judge did not conduct an adequate inquiry into his guilty pleas to the charges of escape from correctional custody and the ensuing unauthorized absence. Prior to entering his pleas of guilty, appellant had made a motion for appropriate relief seeking a ruling that the order placing him in correctional custody had been unlawful. Appellant had been placed in correctional custody as the result of the vacation of a previously suspended nonjudicial punishment. It was appellant's contention in support of his motion that he was no longer "of the command" of the officer who vacated

the suspension. *See* Section 0101a(3), Manual of the Judge Advocate General.

Appellant's motion was denied by the military judge. At this time, he advised trial defense counsel that appellant still had the right to contest as a matter of fact before the members whether appellant had been "duly placed in correctional custody." Nevertheless, appellant entered a plea of guilty and, in the course of the providency inquiry, advised the military judge that he had been "duly placed in correctional custody" as a result of office hours held by his company commander. [R. 41].

We presume appellant's decision to plead guilty was made upon the advice of his counsel, after an assessment of the merits of their position on the lawfulness of the correctional custody. Appellant is bound by his and his counsel's assessment of their position and will not now be heard to complain on appeal. *See United States v. Dusenberry*, 23 U.S.C.M.A. 287, 49 C.M.R. 536 (1975). We find that the military judge was justified in determining that no further inquiry into the lawfulness of the correctional custody was required and that appellant's pleas were provident.

Accordingly, the findings of guilty, based on appellant's provident pleas, are affirmed. Upon reassessment, only so much of the sentence approved on review below as provides for confinement at hard labor for 4 months and reduction to pay grade E–1, is affirmed.

DUNBAR, Senior Judge (concurring in the result):

I concur in the result, particularly in view of the fact that the supervisory authority previously saw fit to mitigate the severity of the sentence.

However, although I agree that the testimony of the wife of the accused in mitigation and extenuation was material, in my opinion it was cumulative.

In this respect, had this trial taken place in a combat zone, where it would have been impractical and unreasonable to secure the presence of the witness, I do not believe it

could have been reasonably asserted that the testimony of the appellant's wife was absolutely necessary in order to guarantee him a fair trial.

Accordingly, I would hold that the ruling of the military judge and the advice of the staff judge advocate in this matter were correct.

BAUM, Judge (concurring in part and dissenting in part):

I concur with Judge Gregory's determination with respect to the assigned errors; however, I do not agree with the action taken. Once it is concluded that a witness in extenuation and mitigation is material and not cumulative, as in this case, I believe the appropriate corrective action is to set the sentence aside and authorize a rehearing on the sentence. In my view, reassessment of the sentence will not cure this error in light of the language in *United States v. Williams*, 3 M.J. 239 (C.M.A.1977) and *United States v. Carpenter*, 1 M.J. 384 (1976). The witness must be produced or the proceedings abated.