**UNITED STATES**

v.

**David C. HANNA, 212 68 6296, Fireman Apprentice E–2, U. S. Navy.**

**NCM 77 1749.**

U. S. Navy Court of Military Review.

Sentence Adjudged 24 June 1977.

Decided 24 March 1978.

LT Michael F. Fink, JAGC, USNR, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and BAUM and MALLERY, JJ.

BAUM, Judge:

Appellant stands convicted by special court-martial, judge alone, of several specifications alleging possession, sale and transfer of marijuana in violation of Article 92, UCMJ, 10 U.S.C. § 892. The judge sentenced appellant to a bad conduct discharge, confinement at hard labor for 3 months, forfeiture of $150.00 per month for 3 months and reduction to E–1. The convening authority approved the sentence and suspended the bad conduct discharge as well as confinement and forfeitures in excess of 2 months pursuant to the terms of a pretrial agreement. This partially suspended sentence was approved by the supervisory authority. The appellant asserts before this Court that at trial the judge erred to the substantial prejudice of appellant when he denied a request for two witnesses in extenuation and mitigation.

The witnesses requested were appellant's mother and stepfather. Both would have testified as to appellant's character before he joined the Navy. The mother, who is employed as a social worker assisting "exfelons" secure employment, would have provided information as to appellant's loyalty, sense of obligation, trustworthiness, and honesty. She also would have drawn from her professional experience to explain what her son could expect to encounter in seeking future employment with a conviction in his record and a possible bad conduct discharge. Appellant, before enlisting, had worked for his stepfather who could testify concerning his qualities as a worker. Also, as a retired Naval Reserve Captain, the stepfather could relate these qualities to the military as well as the civilian environment.

The military judge denied appellant's request for these witnesses on the basis that their testimony was not material. We disagree. The *Manual for Courts-Martial, United States, 1969* (Revised edition), paragraph 75c, discusses matters that may be presented by an accused in extenuation and mitigation, and in doing so cites as an example "the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other traits that go to make a good officer or enlisted person." We do not believe such evidence is limited to an accused's exhibited traits while in service. We believe it is material and relevant on the issue of an appropriate sentence to offer this kind of evidence drawn from an accused's preservice experiences also. Since

the testimony of the requested witnesses would have been both material and relevant, it was error for the judge to deny the request for their appearance. *United States v. Willis,* 3 M.J. 94 (C.M.A.1977), *United States v. Scott,* 3 M.J. 1111 (N.C.M.R.1977).

In *United States v. Scott, supra,* I expressed the view in a separate opinion that the appropriate corrective action for the Government's failure to produce a requested material witness in extenuation and mitigation is to set the sentence aside and authorize a rehearing on the sentence. I have since reevaluated my position on this matter and do not now believe that a rehearing is mandatory in every case. I still believe a rehearing was the correct course of action to take in *Scott, supra,* but in the instant case a reassessment of the sentence should more than suffice to correct the error.

■ One other aspect of this case warrants discussion. Appellant pled guilty in return for a promise by the convening authority to suspend certain portions of the sentence. By pleading guilty the accused gave up certain very important rights, including the right to a trial of the facts by the court, thus saving the Government time and money by not having a protracted trial involving the calling of witnesses. This is a legitimate and well-accepted reason for pretrial agreements as recognized by the United States Supreme Court. In *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), Chief Justice Burger expressed the view that, "Properly administered, it [plea bargaining] is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities."[1] Given these facts which are accepted by our highest court, I see absolutely no reason, despite Court of Military Appeals cases which might appear to indicate the contrary, to prevent pretrial bargains which include a waiver of the right to call certain extenuation and mitigation witnesses as part of the inducement for a favorable sentence limitation by the convening authority. If an accused can give up his complete right to a trial of the facts on the merits, including the calling of witnesses, I do not see why he cannot give up the ancillary right to the personal appearance of certain witnesses during the presentence stage in return for a favorable sentence guarantee. Incorporation of such an understanding in the instant pretrial agreement would have foreclosed the problem encountered in this case.

■ The sentence has been reassessed in light of the judge's failure to order production of appellant's mother and stepfather as witnesses. Upon reassessment, the sentence as partially suspended is deemed appropriate. Accordingly, the findings of guilty and sentence as approved below are affirmed.

Senior Judge DUNBAR and Judge MALLERY concur.

1. *Id.* at 260, 92 S.Ct. at 498.