UNITED STATES, Appellee,

v.

Kevin R. SCOTT, Lance Corporal, U. S. Marine Corps, Appellant.

No. 35,091.
NCM 77–0735.

U.S. Court of Military Appeals.

Oct. 10, 1978.

Appearances: For Appellant—*Lieutenant Lawrence W. Muschamp*, JAGC, USNR (argued).

For Appellee—*Lieutenant Michael C. Farrow*, JAGC, USNR (argued); *Lieutenant Commander N. P. DeCarlo*, JAGC, USN (on brief); *Captain John P. Hertel*, USMC (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

A statement of the facts of this case would add nothing to the law concerned with the right of the accused to have the testimony of a witness at either a trial on the merits or in a hearing in extenuation and mitigation.[1] Let it suffice to say that the United States Navy Court of Military Review found, contrary to the trial judge's ruling, that a witness' testimony was material.[2] That court, expressing itself in *United States v. Scott*, 3 M.J. 1111 (N.C.M.R. 1977), concluded that a reassessment of the sentence cured the denial of testimony of a material witness. We disagree.

This conclusion by the Court of Military Review regarding the effect of the absence of a material witness' testimony considers

---

1. *United States v. Sears*, 20 U.S.C.M.A. 380, 43 C.M.R. 220 (1971); *United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964); paragraph 138*f*(2), Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Browning*, 1 U.S.C.M.A. 599, 5 C.M.R. 27 (1952).

2. *United States v. Iturralde-Aponte*, 1 M.J. 196 (C.M.A.1975); *United States v. Harvey*, 8 U.S.C.M.A. 538, 25 C.M.R. 42 (1957); *United States v. Thornton*, 8 U.S.C.M.A. 446, 24 C.M.R. 256 (1957); *United States v. DeAngelis*, 3 U.S.C.M.A. 298, 12 C.M.R. 54 (1953).

only the effect on the lowering of initial sentence. But it cannot be overlooked that material testimony may well give rise to a sentence to no punishment, or even acquittal. In that event we could not embrace what seems implicit in the lower court's conclusion: that testimony of all witnesses carries the same weight. Therefore, if a particular witness' testimony is of such effect as to justify a sentence to no punishment, or acquittal, the Court of Military Review is obliged to cure this denial by returning the case either for retrial on the merits or a new hearing on extenuation and mitigation.

In writing on this question in the past, we have attempted to indicate the difficulty with which testimony is weighed at the appellate level, even with the most elaborate transcripts of trial. So, *a fortiori*, it is an impossibility to gauge the importance of a denied witness' testimony here at the highest appellate level in the total absence of testimonial evidence. Thus, in the case of a denied material witness under these circumstances, the appellate recourse is to order a new trial. *Cf. United States v. Lucas*, 5 M.J. 167, 173 (C.M.A.1978).

In *United States v. Manos*, 17 U.S.C.M.A. 10, 37 C.M.R. 274 (1967), this Court found that a deposition would be an adequate substitute for the personal appearance of a material witness. Under the particular facts of that case, that is, the introduction at trial of certain letters from the requested witnesses to the accused, it was determined that there was sufficient evidence regarding their testimony to allow the Board of Review, under the Manual for Courts-Martial, United States, 1951, to weigh the evidence and reassess the sentence. This rule must be read narrowly under those facts, keeping in mind our unanimous holding in *United States v. Sweeney*, 14 U.S.C.M.A. 599, 602, 34 C.M.R. 379, 382 (1964):

> Under the Sixth Amendment to the Constitution, one accused of crime is guaranteed the right to compel the attendance of witnesses. Who these witnesses shall be is a matter for the accused

and his counsel. He may not be deprived of the right to summon to his aid witnesses who it is believed may offer proof to negate the Government's evidence or to support the defense.

In *United States v. Carpenter*, 1 M.J. 384, 385–386 (C.M.A.1976), Judge Cook, speaking for a unanimous Court, stated: "However, once materiality has been shown the Government must either produce the witness or abate the proceedings." Judge Perry, speaking for the majority of the Court in *United States v. Willis*, 3 M.J. 94 (C.M.A. 1977), relied upon the above statement from *Carpenter, supra*, to reverse the decision of the Court of Military Review. Subsequently, the same judge relied on the *Carpenter* rationale to reverse a case of denial of a material witness' presence or his *deposition*. *United States v. Williams*, 3 M.J. 239 (C.M.A.1977).

While the law regarding production of material witnesses is well enunciated in these cases, we seek to elucidate whether anything short of actual presence of a witness is adequate where testimony is material. Testimony is defined as verbal evidence, subject to the criteria of credibility, and tested by the same rules and manner as any other evidence. Although live testimony of such a witness normally is imperative to the fairness of the process, occasionally some alternate form of testimony will pass muster under the facts and circumstances of a given case.

But upon whom does the responsibility fall for determination of such an occasion and the mode of production this testimony will take? This power is clearly within the discretion of the trial judge [3] after a showing of a witness' materiality. Upon proper motion he must determine if the actual presence of the witness is required or whether justice may be guaranteed by some judicially accepted alternate form of testimony. In exercising this discretion, the judge must be scrupulous in assuring that the effect of the form of the testimony under the particular facts and circumstances of the case will not diminish the fairness of the proceedings.

---

**3.** *United States v. Iturralde-Aponte, supra.*

We concur, in this case, with the judgment of the Court of Military Review that the testimony of appellant's wife was material to a proper sentence in this case. This error, however, cannot be cured merely by sentence reassessment. Therefore, the decision of the United States Navy Court of Military Review as to the sentence is reversed and the sentence is set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on sentence may be ordered.

Judge PERRY concurs.

COOK, Judge (dissenting):

In my dissent in *United States v. Willis*, 3 M.J. 94, 96 (C.M.A.1977), I pointed out the flawed nature of the extract from my opinion for the Court in *United States v. Carpenter*, 1 M.J. 384 (C.M.A.1976), that is quoted by the majority. I would have sustained the ruling by the trial judge, but, even considering it as wrong, I am convinced the corrective action taken by the Court of Military Review purged the error of any possible prejudice to the accused.

At trial, the appellant pleaded guilty to three offenses; the major thrust of his sentence presentation was to avoid imposition of a punitive discharge and "excessive" forfeitures of pay and confinement. No forfeiture of pay was adjudged and the Court of Military Review disapproved the bad-conduct discharge. The adjudged period of confinement was 4 months, and it was left undisturbed by the court. The period expired in early 1977, so any reduction at this late date would be virtually meaningless. I would, therefore, affirm the decision of the United States Navy Court of Military Review. *See* my dissent in *United States v. Martinez*, 5 M.J. 122 (C.M.A.1978).