UNITED STATES, Appellee,

v.

Cedric SALISBURY, Private First Class, U.S. Army, Appellant.

No. 36,669.

CM 430155.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Captain Michael B. Dinning* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Carlos A. Vallecillo, Major Benjamin A. Sims* (on brief); *Edward J. Obloy, Esquire.*

For Appellee: *Captain Landon P. Snell III* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major David McNeill, Jr.* (on brief).

Opinion of the Court

PER CURIAM:

Upon a rehearing directed by the United States Army Court of Military Review (*United States v. Salisbury*, 50 C.M.R. 175 (1975)), appellant was convicted of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. He was sentenced to a dishonorable discharge, confinement at hard labor for 10 years, forfeiture of $275.00 pay per month for 120 months, and reduction to the grade of Private (E–1). The convening authority approved the findings and sentence, and the Court of Military Review affirmed his action. We granted review to determine whether the military judge committed prejudicial error by denying a defense request for an expert witness.

At both trials, appellant's defense was that the deceased had committed suicide. During the original trial, a psychologist testified that, from his examination of some letters and a diary written by the deceased, "there's a high probability that this girl would engage in activities that would be classified as attempted suicide." The Government called a psychiatrist in rebuttal. He testified that, in his opinion, the material relied upon by the defense witness did not evince suicidal tendencies. As to the ability of a psychologist to make a judgment on a matter of this nature, he further asserted that "[u]nless a psychologist has very particular training in that area, it would not be within his purview."

During the rehearing, defense counsel requested a named psychiatrist in lieu of the psychologist who had testified at the first trial. He represented that the psychiatrist's testimony would be similar. His reasons for the change were as follows:

[T]hat expert was, I believe, sufficiently impeached on the basis of his being a psychologist, which is quite different from a psychiatrist. They did have a rebuttal witness as I recall who was a psychiatrist and who did go a long way in impeaching his credentials, or his ability to speak to the points that were sought to be brought out at trial. It's such an obvious thing and only a matter of not enough sufficient information for the government to decide whether he's a relevant witness or not. The fact that he's a psychiatrist, the fact that the defense would obviously be, you know, one of suicide. I mean, there's no more relevant testimony.

The military judge denied the request on the basis that the witness was unnecessary.

■ The denial of a material witness can, under some circumstances, require reversal of a conviction. *United States v. Scott*, 5 M.J. 431 (C.M.A.1978); *United States v. Williams*, 3 M.J. 239 (C.M.A.1977); *United States v. Jouan*, 3 M.J. 136 (C.M.A.1977); *United States v. Willis*, 3 M.J. 94 (C.M.A. 1977); *United States v. Carpenter*, 1 M.J. 384 (C.M.A.1976).

■ In the present case, the defense asserted that the requested psychiatrist would give testimony indicating that the deceased's mental condition was such that it was consistent with the defense position at trial that she committed suicide. Testimony by government pathologists indicated that a self-inflicted gunshot wound could not be ruled out as the cause of death. Thus, materiality of the testimony of the requested expert was demonstrated on the record. *See United States v. Wagner*, 5 M.J. 461 (C.M.A.1978); *United States v. Lucas*, 5 M.J. 167 (C.M.A.1978). Defense counsel also asserted legitimate reasons for obtaining the psychiatrist in lieu of the psychologist who testified at the original trial, *i. e.*, the Government thoroughly impeached the psychologist on the basis of his expertise. Furthermore, the testimony of the requested psychiatrist was not cumulative, as he would have been the only expert witness as to the mental condition of the deceased. *See United States v. Tangpuz*, 5 M.J. 426 (C.M.A.1978); *United States v. Williams, supra*. Under the circumstances here, we conclude that appellant was prejudiced by the denial of his request for the expert witness.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. A rehearing may be ordered.

Judge PERRY did not participate.