**UNITED STATES**

v.

**Gregory Laine MORRISON, 495 64 2364, Boiler Technician Third Class (E–4), U. S. Navy.**

**NMCM 81 1295.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 12 Dec. 1980.

Decided 23 March 1982.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and GORMLEY and MAY, JJ.

MAY, Judge:

Appellant was convicted by general court-martial, military judge alone, pursuant to his pleas, of conspiracy to violate a lawful general order in violation of Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881; violation of a general order, Article 92, UCMJ, 10 U.S.C. § 892; and willful destruction of military property, Article 108, UCMJ, 10 U.S.C. § 908. Appellant was also convicted, contrary to his pleas, of conspiracy to hazard his vessel, a violation of Article 81, UCMJ, and of the negligent hazarding of his vessel, a violation of Article 110, UCMJ, 10 U.S.C. § 910. He was sentenced to a dishonorable discharge from the naval service, confinement at hard labor for 3 years and 6 months, and reduction to pay grade E–1.

Appellant now assigns two errors. We find no merit in either assignment, but believe some discussion is warranted regarding both of these related assignments:

I

THE CONVENING AUTHORITY IMPROPERLY SEVERED THE ATTORNEY–CLIENT RELATIONSHIP BETWEEN THE APPELLANT AND LIEUTENANT H.

II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY TAKING THE TESTIMONY OF THREE COURT–REQUESTED WITNESSES BY TELEPHONE OVER THE APPELLANT'S OBJECTION.

## I

We have examined the extensive and comprehensive record of the Article 39(a), UCMJ, 10 U.S.C. § 839(a), proceedings conducted by the trial judge in connection with appellant's request for the services of Lieutenant H. Lieutenant H, a counsel initially representing appellant at a magistrate's hearing in Subic Bay, and who met with appellant on approximately four occasions prior to appellant's transfer to San Diego, was held by the trial judge, to have formed an attorney-client relationship with appellant. That relationship, however, in the view of the trial judge, did not involve the level of planning, discussion of trial tactics, forum decisions, or evaluation of the charges and evidence, contemplated by statute or case law, which would require the establishment of good cause to sever such a relationship. *United States v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972). We agree.

Our examination of the record convinces us that only preliminary interviews and contact was the subject of the meetings initiated by Lieutenant H, between appellant and that officer during the 10-day period appellant remained at Subic, prior to his transfer to San Diego. No charges had been formally preferred. No investigative report or Government evidence was available during the period of appellant's contact with Lieutenant H. The vessel involved remained at sea after appellant was transferred back to Subic, and apparently never entered port at Subic prior to appellant's transfer to San Diego. At San Diego, appellant was assigned a detailed defense counsel prior to commencement of the Article 32 investigation and trial conducted entirely in San Diego. Lieutenant H expressed, during hearings on the appellant's motion for his services, that he could not arrive at any but those most preliminary of preparations regarding the case during his contact with appellant because of the lack of information regarding the alleged circumstances, potential charges, and Government evidence.

We find that the trial judge did not abuse his discretion in finding that the degree of contact between appellant and Lieutenant H, while sufficient to insure confidentiality and privileged communications, was not of the degree contemplated in according to an accused entitlement to that counsel at a subsequent court-martial. *See United States v. Taylor*, 3 M.J. 947, 950 (N.C.M.R.1977), *pet. denied*, 4 M.J. 194 (C.M.A.1977).

We further find, from our examination, that the facts and circumstances regarding Lieutenant H's duties and responsibilities at Naval Legal Service Office, Subic, and the necessary balancing of the interests involved, were sufficient to clearly justify the trial judge's finding that Lieutenant H was not reasonably available to represent appellant as individual military counsel. *See United States v. Cutting*, 14 U.S.C.M.A. 348, 34 C.M.R. 127 (1964); *United States v. Redding*, 8 M.J. 719 (N.C.M.R. 1979), *rev'd on other grounds*, 11 M.J. 100 (C.M.A.1981). We therefore find that the trial judge did not abuse his discretion in denying appellant's motion for appropriate relief to compel the production of Lieutenant H. Appellant's first assignment, therefore, is without merit.

## II

Appellate defense counsel asserts that the trial judge erred to the substantial prejudice of appellant in conducting a session of Article 39(a), UCMJ, proceedings via telephonic testimony. The authenticated record indicates that following submission of briefs and testimony of counsel on the issue of Lieutenant H's involvement in the case, the military judge directed that a telephonic transmission contact be established between the courtroom in San Diego and the Naval Legal Service Office, Subic. A speaker phone was utilized with counsels, the appellant, court reporter, and the trial judge all present in a verbatim, recorded Article 39(a) session.

Prior to directing the establishment of this telephonic connection, the trial judge stated on the record his concern re-

garding all the circumstances of appellant's contact and meetings with Lieutenant H in Subic. The trial judge specifically stated on the record his opinion that his proposed telephonic contact with Naval Legal Service Office, Subic, in order to obtain testimony of Lieutenant H and his superior officers, would assist the court in making its determination on appellant's motion. Further, the trial judge, for the record, stated his opinion that the proposed telephonic contact with Lieutenant H and his superiors at the Naval Legal Service Office, Subic, would further the ends of justice and the rights of the accused. Trial defense counsel objected to the format of the telephonic contact, apparently basing his objection, after consultation with appellant's retained civilian counsel, on a desire to rely solely upon the stipulated testimony and documents previously admitted on the circumstances related to Lieutenant H's involvement with appellant in Subic. The military judge overruled trial defense counsel's objection and conducted a 39(a) session of the court utilizing a speaker phone and autovon link to Naval Legal Service Office, Subic. From our examination of the authenticated record of this portion of the proceedings, we find no error by the trial judge. The trial judge may, in his discretion, utilize forms of evidence other than live testimony. *See United States v. Scott*, 5 M.J. 431 (C.M.A.1978). This Court, in addressing a similar issue of counsel availability, requested affidavits from the parties. *United States v. Seaton*, 3 M.J. 812 (N.C.M.R.1977). Surely, a verbatim Article 39(a), UCMJ, session utilizing telephonic transmissions is equally reliable.

We determine from the record that Lieutenant H, Captain G, Commanding Officer, Naval Legal Service Office, Subic, and Lieutenant Commander P, Head, Military Justice Section, Naval Legal Service Office, Subic, all testified under oath after identifying themselves prior to their testimony. Trial defense counsel voiced no objection at trial to the authenticity of the calls. Each counsel and the trial judge conducted extensive examination of each of the aforementioned officers. Full opportunity for extensive cross-examination was provided each counsel.

In our opinion, this approach, while novel, was an appropriate and controlled method, under the specific circumstances of this case, to provide the court with necessary information and evidence. The trial judge stated for the record his consideration of other alternatives such as transporting all of the witnesses to San Diego or message interrogatories and that in his view, balancing all the interests involved, the telephonic session was the most appropriate. We find that the trial judge, Judge Redding, has provided this Court with a comprehensive and informative trial record facilitating appellate review of his discretionary ruling. We find that the judge clearly did not abuse his discretion and we commend his innovative and controlled approach in obtaining additional evidence to fully consider appellant's motion. We find no merit in appellant's view now, which was not the subject of objection at the trial level, that the telephone testimony was not authenticated. *See* Mil.R.Evid. 103(a). We further note that this procedure of using telephonic testimony was utilized at the motions stage of the trial. We specifically find, from our examination of the record, that under the specific circumstances of this case, that the fairness of the proceedings was not diminished. *See Scott, supra*, at 432. We find no merit, therefore, in appellant's second assignment of error.

We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence, as approved on review below, are affirmed.

Chief Judge CEDARBURG and Judge GORMLEY concur.